## THE STATE v. JOHN FERRIS.

Every person shall be allowed to make his full defence by counsel learned in the law ; and the court before whom he shall be tried, or some judge thereof, shall immediately upon his request assign to him such counsel as he may desire. The counsel of any person accused of crime shall have free access to him at all reasonable hours.

The right to be heard by counsel learned in the law is a precious one ; it is guarantied to all parties even in civil causes. Where counsel fails to appear at the trial, without the connivance of the accused, the latter is entitled to a postponement of the case for the purpose of obtaining other assistance.

APPEAL from the First District Court of New Orleans, *Hunt*, J. *A. Sambola*, for defendant and appellant. *T. J. Semmes*, Attorney General, for the State.

VOORHIES, J. The defendant assigns as error the ruling of the District Judge, refusing to postpone the trial of the case in order to enable his counsel to prepare for the defence.

The court below had appointed a member of the bar to represent the accused, who was incarcerated under a charge of murder; but, on the day fixed for the trial, the counsel did not appear. The judge thereupon appointed in his stead C. Guillet, Esq., who happened to be in the court room and accepted the trust. Upon being ordered to proceed to trial, Mr. Guillet objected and prayed for a postponement or continuance; in order that he might be enabled to make due preparation. This application was overruled; and we find at the foot of the bill of exceptions the following statement by the District Judge, to wit:

"Upon the motion for a continuance the Attorney General offered to accede to it, if upon consultation with the accused, the counsel appointed by the court, Mr. Guillet, would find himself able to suggest or show that by any negligence on the part of his former counsel, the accused now found himself deprived of any witness or means of defence, or if it could be suggested or shown that the continuance would probably enable the accused to obtain and produce any witness or evidence not now in court; but the counsel for the prisoner, after consultation with his client, declared he could not make any such suggestion or showing."

Had the prisoner the right to a continuance, on the ground that his former counsel was absent, and that the counsel subsequently appointed by the court stood in need of time for preparation, it is obvious that the conditions imposed upon him were unauthorized

A similar question was presented in the case of the *State* v. *Romero*, 5 An. 24; but the point was not determined, because the record contained no motion or affidavit for a continuance on that ground, nor exception to the ruling of the District Judge. In the present instance there are a motion for a continuance, the affidavit, the bill of exception, and the motion for a new trial, all of which are predicated upon the alleged erroneous ruling of the inferior court refusing the postponement of the trial.

Article 103 of the Constitution secures to the accused the right of being

heard by counsel; and section 17 of the Act relative to criminal proceedings (Sess. Acts, 1855. p. 152) provides that "Every person shall be allowed to make his full defence by counsel learned in the law; and the court before whom he shall be tried, or some judge thereof, shall immediately upon his request assign to him such counsel as he shall desire. The counsel of any person accused of crime shall have free access to him at all reasonable hours."

The right to be heard by counsel learned in the law is a precious one; it is guarantied to all parties even in civil causes. It acquires additional importance when the life of the accused is at stake.

If in civil matters absentees are represented by counsel, to whom a reasonable time is given to correspond with their clients, it would be an anomaly, that in the prosecution of crimes and offences, a privilege of like character were not extended to the accused. The law in securing to them the assistance of counsel did not intend to extend a barren right; for of what avail would be the privilege of counsel to have free access to the prisoner at all reasonable hours, if on the spur of the moment, without an opportunity of studying the case, the former should be compelled to enter into the investigation of the cause?

The counsel appointed by the court is entitled to a reasonable time for preparation; and this necessitates a postponement of the trial. But what constitutes a reasonable time must depend upon circumstances; and should be regulated by the District Judge in the exercise of a sound discretion. In the case at bar no time whatever was granted to the party.

It is therefore ordered and decreed, that the judgment of the District Court and the verdict of the jury be avoided and set aside, and that this cause be remanded for a new trial.

---

## SAME CASE—ON APPLICATION FOR A RE-HEARING.

It is contended on behalf of the State, that the appointment of other counsel for the prisoner by the judge was made as a favor, and consequently, that the application for a continuance of the cause in order to give time to the counsel thus appointed to prepare the defence was without foundation.

We hold that it is a right of the accused to be heard by counsel; that, if he wishes to avail himself of that right, it is the duty of the court to appoint a member of the bar to act as his counsel; and finally, that if the counsel so appointed fails to appear at the trial without the connivance of the accused; the latter is entitled to a postponement of the trial for the purpose of obtaining other assistance. (Const., art. 103, Act 1855, p. 152, § 17.)

In our opinion we stated that the counsel appointed was entitled to reasonable time to prepare; but that it was for the District Judge to determine what was reasonable time. He must, in the exercise of a sound

54

STATE
v.
FERRIS.

discretion, either grant a continuance or merely postpone the trial during a short delay, according to circumstances.

Re-hearing refused.

LAND, J. absent.