State vs. Doyle.

---

## No. 8972.

### THE STATE OF LOUISIANA vs. DAVID DOYLE.

In the absence of any appearance on the record that the defendant requested the court to assign counsel, or applied for continuance on the ground of absence of counsel of record, the mere fact that the trial proceeded without the aid of counsel to defendant does not constitute error.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.
*Lionel Adams*, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. We find absolutely nothing in this record upon which any claim of error in the proceedings below can rest.

The only ground suggested is that the trial of defendant was had in absence of counsel.

The defendant was duly represented by counsel. The case had been repeatedly fixed for trial and three several continuances had been granted, on the sole ground of the absence of his said counsel.

At the fourth fixing of the case, his counsel was again absent, and the court proceeded with the trial.

It does not appear otherwise than by an averment to that effect in a motion for a new trial, that the defendant applied to the court for an assignment of counsel, or even asked for a continuance on the ground of absence of counsel of record.

The minutes do not show that such applications were made, and the statement of the judge in refusing the motion for new trial equally ignores them. The mere affidavit of defendant attached to his motion for a new trial and that of his counsel who was necessarily ignorant on these points, cannot avail to supply these deficiencies.

The record, therefore, fails to exhibit any violation of the mandate of section 992, Revised Statutes, which declares: "Every person shall be *allowed* to make his full defense by counsel learned in the law, and the court before whom he shall be tried, or some judge thereof, shall, immediately upon his *request* assign to him such counsel as he shall desire."

Judgment affirmed.

Rehearing refused.