B. B. PADDOCK, RECEIVER, v. TEXAS BUILDING & LOAN ASSOCIATION.

Delivered April 25, 1896.

1. **Building and Loan Association—Usury—Building Contract.**

For contract by a building and loan association to erect a house, to be paid for in monthly installments, held not to be tainted with usury, see the opinion.

2. **Same—Attorney Fee—Homestead Right.**

In an action by a building and loan association upon a lien contract for improvements made on homestead property, which contract provided for attorney's fees, the defendant, a subsequent purchaser of the property, and having himself no homestead right therein, cannot set up as a defense against the claim for attorney fees that when the contract was executed the property was the homestead of the then owner.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*McKie & Autry* and *Jenkins & McCartney*, for appellant.—1. The court erred in rendering judgment for the sum of $1750.36, and subjecting the real estate to foreclosure for the satisfaction of said amount, for the reason that in computing said amount, the court allowed a recovery of usury or interest at a greater rate than ten per cent per annum. Gildmer v. Hearn, 79 Texas, 120; Jackson v. Cassidy, 63 Texas, 284; Bexar Building & Loan Association v. Robertson, 78 Texas, 166; Mitchell v. Napier, 22 Texas, 128; Ware v. Bennett, 18 Texas, 806; Stanley v. Westrop, 16 Texas, 206; Fisher v. Hoover (Texas), 31 S. W. Rep., 930; International Building & Loan Association v. Biering, 86 Texas, 476; Abbott v. Loan Association, 86 Texas, 467; Tillar v. Cleveland (Ark.), 1 S. W. Rep., 516; Banks v. Flint (Ark.), 14 S. W. Rep., 669; Walter v. Briesche, 86 Pa. St., 457; Birdsall v. Patterson, 51 N. Y., 43; Fielder v. Darrin, 40 N. Y., 437; Banks v. Railway Co. (Ill.), 34 N. E. Rep., 135; Palmer v. Jones (N. Y.), 22 N. Y. S., 584; Terwillinger v. Beecher, 11 N. Y. S., 834; Vilas v. McBride, 17 N. Y. S., 161; Investment Co. v. McNaughton (Minn.), 48 N. W. Rep., 412; Bank v. Owens, 2 Peters, 527; Bank v. Jackson, 20 S. E. Rep., 786.

2. The court erred in including in the judgment an additional sum of ten per cent as collection or attorney's fees, as against the real estate and in declaring the same a lien against said real estate, since it appears by allegation and by proof that the said real estate was the homestead of the party contracting the alleged debt, and the same was not such a debt as could be enforced as a lien against a homestead. No lien can be created upon a homestead for the payment of attorney's fees. Walters v. Loan Association, 29 S. W. Rep., 51.

*Frost, Neblett & Blanding*, for appellee.—1. The petition declared on a contract to furnish all labor and material, and build a house of specified dimensions for a specified sum of money, and the evidence supports the judgment of the court that the contract introduced in evidence was not a loan of money, but a contract to build a house for a certain

sum of money.    Bass v. Patterson, 68 Miss., 316; Brooks v. Avery, 4 N. Y., 225; Hoover v. Fisher, 21 S. W. Rep., 930; Grame v. Adams, 14 Am. St. Rep., 130; Hogg v. Rufner, 1 Black, 115.

2.    There was no error in foreclosing for attorney's fees: 1. Because the property has now no homestead character.    2. Because there are no pleadings on the part of Walling and wife, whose homestead the premises were, asserting the homestead exemption, and no one can assert the exemption for them.    3. Because Goodwin assumed the payment of the claim of appellee, and that act created a lien in favor of appellee for such fees.    4. Because the attorney's fees entered into and formed a part of the improvements placed on the homestead.  1 Jones on Mort., sec. 644.

FINLEY, ASSOCIATE JUSTICE.—The statement of the case as made by appellant, together with the addenda presented in the brief of appellee, will present the case with sufficient accuracy, and are here given:

Appellant's statement:    August 29, 1892, S. J. Walling and wife, Idell Walling, of Brown County, Texas, executed to the Texas Building and Loan Association, of Corsicana, Texas, a note for the sum of $2250, payable in sixty monthly installments of $37.50 each, the first installment being payable the first day of October, 1892, and the other installments one each every month thereafter until the whole shall have been paid, providing that if any installment should remain unpaid for ten days after its maturity the whole sum unpaid should become immediately due, and that all installments when due and unpaid should bear ten per cent interest per annum, and providing also for 10 per cent of the amount due as attorney's fees.    The note recited that it was given for labor and material advanced by the building and loan association for the improvement of the homestead of the said Wallings in Brownwood, Texas.    On the same day the said Wallings and the said association entered into a written contract, which contract upon its face recited the ownership of the homestead premises in the Wallings, and further that the association was to build on said premises, giving their description, a house, giving its description, according to specifications then agreed upon.

The said contract further recited upon its face that the Wallings should keep said premises insured as the work progressed, making the loss payable to the association, and that the association might cause said premises to be insured and charge same to the Wallings, and further giving the association an option to declare the whole sum of money due in case the Wallings should not keep up said insurance.    Said contract further recited upon its face, that the Wallings were to pay the association or its representatives the sum of $300 cash, and the further sum of $2250 in monthly installments, as hereinbefore set out.    Said contract further recited that the payment of said money was to be secured by a mechanic's lien upon said homestead, and that said premises were then and there conveyed, in trust, to said association to secure said money.

The association also at the same time entered into a contract with G.

W. Porter for the building of said house, for the sum of $1800, and said Porter entered into a bond with the association for the faithful performance of said contract. After said house was built the said property passed from the Wallings to G. I. Goodwin, and subsequently from Goodwin to the City National Bank of Brownwood, Texas, and said bank before and at the time of the filing of this suit and trial, was in the hands of a receiver, to-wit: B. B. Paddock.

August 3, 1894, the building and loan association filed suit in the District Court of Navarro County, Texas, against the Wallings, G. I. Goodwin, the City National Bank of Brownwood and its receiver, B. B. Paddock, alleging and setting out the execution of the aforesaid notes and contract, setting forth the terms thereof as before given, describing the homestead property and setting forth and alleging that one of the monthly installments of $37.50 was due and unpaid and defenants had refused to pay same, and the further fact that the association had exercised its option to declare the whole amount due, asking for judgment for the amount of all the installments from and after the installments maturing on the first day of August, 1894, amounting to the sum of $......, and praying for a foreclosure of its lien on said property to satisfy said indebtedness, including ten per cent thereon as attorney's fees.

On March 22, 1895, B. B. Paddock, receiver, filed his first amended original answer, verified as the law requires, alleging among other matters, that all the recitals contained in the afore-mentioned notes, contracts and declarations were false and untrue, and made for the purpose of cloaking, covering up and concealing the exaction and collection by the association of an exorbitant and usurious rate of interest for the investment and loan of money by the association to the Wallings, and that the true and real transactions between the association and the Wallings was the loan and investment for said Wallings of the sum of $1500, and that the Wallings, at the instance and dictation of the association, had entered into said fictitious and fraudulent contracts for the purpose of cloaking and concealing the usurious purpose and intent. That the association advanced the sum of $1500, and that the balance of $750 was for the use and forbearance of the $1500, and an illegal and usurious transaction, and that the Wallings and those claiming under them had paid the sum of $325 on said obligation, and tendering the balance. Said answer after setting out the usurious nature of the transaction in detail, set up the inability of the association to make such contract, and that said homestead could not be incumbered with any lien for the payment of said attorney's fees. Trial resulted in a judgment in favor of the building and loan association for the entire number and amount of the said several installments of money sued for, principal, interest and attorney's fees—in amount $1750.30, from which judgment this appeal is prosecuted.

Addenda statement by appellee: Walling and wife with whom the contract sued on was made, sold the house and lot on which the lien is

sought to be foreclosed, to G. I. Goodwin, June 19, 1893, and Goodwin assumed the payment of the note sued on.

Paddock, appellant, recovered the property by judgment from Goodwin on April 28, 1894. Walling and wife made no answer to this suit and Goodwin disclaimed all interest in the property. Paddock does not claim the property was his homestead, nor does he claim the house and lot involved was the homestead of the National Bank he represents as receiver.

There was no plea of usury filed by Walling and wife, with whom the contract was made. There was no plea of usury filed by Goodwin, who bought from Walling and wife.

The evidence upon the trial justifies the conclusions: 1. That the transaction between appellee and Walling and wife was a contract on the part of appellee to construct a house upon the property owned by Walling and wife for an agreed sum—$2550, of which amount $300 was to be paid in cash, and the balance payable in sixty monthly installments of $37.50 each. The Wallings executed their note for the $2250 payable in such installments, bearing 10 per cent interest, and providing for the payment of attorney's fees in case collection had to be forced. The contention of appellant is, that this form of contract was adopted merely to cover a loan of money or the advancement of money and materials for constructing the house, and that a portion of the principal was usurious interest. This contention is not sustained by the evidence. The court below was justified in finding that the contract was a bona fide contract for the erection of a house for the aggregate amount of $2550, and that there was no usurious interest embraced within the said amount.

2. The appellee caused the house to be built upon the lot of Walling and wife in accordance with the terms of the contract. Walling and wife afterwards sold the house to G. I. Goodwin, and the deed from Walling and wife to Goodwin recites the following consideration: "Twenty-five hundred dollars in hand paid, and the further consideration that the said G. I. Goodwin assumes and will pay off and discharge an incumbrance to the Texas Building and Loan Association of Corsicana, Texas, for $1500." This was the true consideration. The title of Goodwin passed to the City National Bank of Brownwood, and B. B. Paddock is the duly appointed receiver of such bank.

3. At the time the contract was made with Walling and wife, the lot, upon which the house was afterward built, was their homestead. When they sold to Goodwin they had no further homestead interest in the property.

*Conclusions of Law.*—1. The facts as established on the trial failed to show that there was any usury in the contract sued upon by the plaintiff.

2. The contention of appellant that attorney's fees cannot be recovered in this case, because the property was the homestead of Walling

and wife at the time the contract was entered into, and that it cannot be incumbered for attorney's fees, cannot be sustained even though the property may not have been bound for the attorney's fees in the hands of Walling and wife. Walling was personally liable for the attorney's fees contracted, and when he sold to Goodwin, Goodwin assumed the payment of his contract debt to the association, that is, the amount then remaining unpaid, $1500, and this debt became a part of the consideration to be paid by Goodwin for the house and lot, and he cannot defeat its enforcement against the property by showing that the property was the homestead of Walling and wife when the debt was originally contracted. The property was not homestead at the time of the trial, and appellant was in no attitude to urge its original homestead character as a defense against the enforcement of attorney's fees against the property. The question of usury and the recovery of attorney's fees are the only legitimate questions involved in the case, as presented to us.

We find no error committed by the trial court, and the judgment will therefore be affirmed.

*Affirmed.*

Writ of error refused.