(58 South. 509.)

No. 19,371.

STATE v. CHARLES et al.

(April 22, 1912.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 918*)—NEW TRIAL—EM-
PLOYMENT OF COUNSEL.

An accused cannot remain indifferent about
the employment of counsel to represent him,
take his chances of an acquittal, and, after
conviction, demand a new trial on the ground
that he had no counsel at the trial, particularly
where it is shown that the court safely guarded
his interests by excluding any improper evi-
dence sought to be introduced by the state.
If an accused cannot employ counsel, he should
so inform the court and ask for the appoint-
ment of counsel to represent him; and his
failure to do so certainly can furnish no ground
for a new trial.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 2163–2196, 2219–2224; Dec.
Dig. § 918.*]

2. CRIMINAL LAW (§ 939*) — NEW TRIAL —
GROUNDS—DILIGENCE OF APPLICANT.

Where an accused is incarcerated with
another accused, whom he fails to call as a
witness, although he could easily have done so,
he is not entitled to a new trial on the ground
that he could prove his innocence by the other
accused if he were granted a new trial and the
opportunity to call him as a witness.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 2318–2323; Dec. Dig. §
939.*]

3. CRIMINAL LAW (§ 1156*) — APPEAL—DIS-
CRETION OF TRIAL COURT—NEW TRIAL.

The question of whether a new trial should
be granted is one largely within the discre-
tion of the trial court; and, unless it appears
clearly that there has been a wrongful use of
that discretion, it will not be interfered with
by this court.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 3067–3071; Dec. Dig. §
1156.*]

Appeal from Nineteenth Judicial District
Court, Parish of Iberia; James Simon,
Judge.

Willis Charles and others were accused
of theft of a horse, and, from a verdict of
conviction of Adam Pierre, he appeals. Af-
firmed.

John R. Davis, for appellant. Walter
Guion, Atty. Gen., and Anthony N. Muller,
Dist. Atty. (G. A. Gondran, of counsel), for
the State.

BREAUX, C. J. A bill of information
was filed against Willis Charles, Adam
Pierre, and Cornelius Lewis, charging them
with theft of a horse. Adam Pierre was
found guilty, and sentenced to serve five
years at hard labor in the state peniten-
tiary. Cornelius Lewis was found not guil-
ty, as made to appear by the minutes. The
verdict was silent as to Willis Charles, for
he pleaded guilty at the time he was ar-
raigned.

Adam Pierre has appealed, and, on the ap-
peal, it appears that he has taken one bill of
exceptions. He moved for a new trial,
which the court overruled. From the ruling
of the court overruling the motion for a
new trial the bill of exceptions before men-
tioned was taken. The accused urged a
number of grounds for a new trial, nearly
all based upon questions of fact.

[1] The first proposition—one of law—is
that the defendant was not defended by
counsel, and that, in consequence, he fell
into error fatal to his cause. This error
is not argued on appeal. The district judge
in his answer to this complaint, in sub-
stance, shows by his statement copied in
the bill of exceptions that the accused was
arraigned, and, upon the court's inquiry
"whether he had counsel, was advised to
employ counsel." The court further states
that he gave the names of his witnesses to
the proper officer, subpœna issued, and that
his witnesses were in court and were exam-
ined by him during the trial. After their ex-
amination, in answer to the question of the
court, he said that he had no other wit-
nesses. The court adds the case was submit-
ted to the jury without argument after the
charge of the court. The jury returned a

verdict of guilty against Adam Pierre, and not guilty as against Cornelius Lewis. Willis Charles, who had pleaded guilty, was incarcerated in order to pass sentence on him later.

The court as part of the per curiam adds that the witnesses for the state, the owner of the horse and the one who had bought the horse, and other witnesses, testified and proved beyond all doubt the guilt of the accused; that the verdict is sustained by the law and the evidence; that these witnesses were well known by the court; that the witness who had bought the horse and the witness who was present at the time of the purchase are reputable. The court further adds that, as the defendant had no counsel, he safeguarded all of defendant's rights by excluding illegal questions on the part of the state; that defendant had no good ground for complaint, and that he had ample time to prepare for his defense; that if he had intimated that Willis Charles, prosecuted with him, was one of his witnesses, he could have had a subpœna issued to him. The court gave further details of the case, of which we do not deem it necessary to make note.

These facts are recited at this time because they have some bearing on the complaint that defendant did not have a fair trial by reason of the fact that he was not represented by counsel.

An accused cannot be permitted to remain supinely indifferent about having counsel, take his chances of acquittal, and, after verdict, successfully urge that he was entitled to counsel. It is the least that a defendant can do to inform the court that he does not have means to employ counsel, and ask the court to appoint counsel. We are not informed that the defendant made mention of his inability to employ counsel or asked the court to appoint counsel.

This court said in State v. Malone, 37 La. Ann. 267, that the record "does not show that the accused asked for the appointment of counsel, as it was urged as an objection only in the application for a new trial."

Again, this court, in substance, said that defendant, who goes to trial without the least objection, on grounds similar to those here, is without right to a reversal.

The following decisions are pertinent:

State v. Kelly, 25 La. Ann. 381, in which the court said it was not to be presumed that the accused desired counsel, as he showed every disposition to personally defend himself.

To the same effect is State v. Doyle, 36 La. Ann. 91.

All the decisions are substantially in accord upon the subject. It follows that this ground of defense must be rejected.

[2] The next point before us in the bill of exceptions reviewable by this court is that one of the accused, the one who pleaded guilty, appeared before an officer having authority to administer an oath, and swore that he alone was guilty of the theft; that the accused, Adam Pierre, is entirely innocent.

This ground of defense relates back to the first point just decided. The accused on submitting his cause said he had no other witnesses. It is too late in the trial after the verdict has been rendered to employ counsel, and urge that this witness through his (Adam Pierre's) ignorance had not been called. The trial judge states that Pierre and Charles were together in jail, within talking distance from each other. It is passing strange that Charles never thought of making the affidavit in question before the jury had found defendant Pierre guilty.

[3] This court twice recently decided that the appellate court will not set aside the

refusal to grant a new trial unless clearly wrong, and that such motions generally are addressed to the sound discretion of the trial court. State v. Pastor, 111 La. 717, 35 South. 839; State v. Jones, 112 La. 980, 36 South. 825.

With these decisions before us, the cause urged by defendant does not appeal to us as one in which we should grant relief. Trial and acquittal would become easy if a defendant were allowed to go on with his trial, examine his witnesses, declare to the court that he has no other witnesses, and thereafter produce the affidavit of one with whom he was prosecuted, with whom he was in jail, as ground for a new trial. The district judge doubtless had good reasons not to attach importance to the affidavit. We cannot say that he erred.

Here again the district judge has a wide discretion. We do not think we should set aside his ruling under the facts and circumstances.

Lastly, the cause of the accused is not hopeless, if he has cause of complaint. The state, through her prosecuting officers, in the brief say:

"As regards this matter, the defendant has a right to present it to the board of pardons, the only tribunal in a position to investigate these facts."

We deem it proper to let it take that course, since it is suggested, as we have no desire to set aside a well-settled jurisprudence, requiring an accused to properly and timely set up his defense, but, on the other hand, it is well that he should not be made to suffer if not guilty. If we for an instant thought that the district court exceeded its discretion, we would, without delay, set aside the verdict. We have no reason to reach that conclusion.

Verdict and judgment are affirmed.