(80 South. 648)

(No. 23222.)

STATE v. GARCIA.

(Dec. 2, 1918. On Application for Rehearing, Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⚖═927(1)—SEPARATION BEFORE SWEARING.

Where the jurors who were to try a murder case had not been sworn, the fact that one of them, with the consent of defendant's counsel, was allowed to separate from his fellows, and go out of their presence and that of the court officers into another room of the court building to answer a telephone call, was not good ground for new trial.

O'Niell, J., dissenting in part.

On Application for Rehearing.

2. CRIMINAL LAW ⚖═1132 — RIGHT TO BE REPRESENTED BY COUNSEL — APPEAL FROM CONVICTION OF MURDER — CONSTITUTION AND STATUTE.

Const. art. 9, and Rev. St. § 992, do not require that one convicted of murder and sentenced to hang be represented by counsel on his appeal to the Supreme Court, particularly in view of the custom of such court not to appoint counsel, and where defendant has made no request for assignment of counsel to him.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrew, Judge.

Ed Garcia was convicted of murder, and he appeals. Affirmed.

H. M. Brennan, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (Vernon A. Coco, of New Orleans, of counsel), for the State.

PROVOSTY, J. [1] The accused was convicted of murder, and sentenced to be hanged.

Before the jury had been completed and before any of the jurors had been sworn, one of the accepted jurors was allowed, with the consent of counsel of accused, to separate from his fellows, and go, out of their presence and that of the court officers, into another room of the court building to answer a telephone call.

As none of the jurors had been sworn (State v. Craighead, 114 La. 84, 38 South. 28), this separation was not good ground for new trial.

Judgment affirmed.

O'NIELL, J., dissents for the reason that the defendant, being convicted of murder and condemned to die, was not—although it was his legal right to be—represented by counsel after he was granted an appeal from the verdict and sentence; no argument nor appearance being made, nor brief filed, in his behalf in the Supreme Court.

On Application for Rehearing.

PROVOSTY, J. [2] Throughout the proceedings in the lower court, the accused was represented by counsel—employed by himself, we infer, since the record does not show appointment by the court.

So far as we know, this court has not once in the more than a hundred years of its existence appointed counsel to represent an accused. There would be practical difficulties in the way. This court sits in New Orleans only, and cases come from all over the state. Lawyers would have to come without pay from distant parishes to assist accused in

this court, or the burden of assisting accused from all over the state would have to be imposed upon the few lawyers in this city who practice in the criminal courts. A practice sanctioned by the consensus of a ·century should not be easily disturbed.

The constitutional provision to which our learned colleague evidently has reference in his dissent does not require such an appointment to be made. It reads:

"Art. 9. In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury; provided, that cases in which the penalty is not necessarily imprisonment at hard labor, or death, shall be tried by the court without a jury or by a jury less than twelve in number, as provided elsewhere in this Constitution; provided further, that all trials shall take place in the parish in which the offense was committed, unless the venue be changed. The accused in every instance shall have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor. Prosecutions shall be by indictment or information; but the General Assembly may provide for the prosecution of misdemeanors on affidavits; provided, that no person shall be held to answer for a capital crime unless on a presentment or indictment by a grand jury, except in cases arising in the militia when in actual service in time of war or public danger; nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained."

Nothing is here said of appointment of counsel by the court; and the history of this provision for the assistance of counsel does not indicate that any such thing is in contemplation; but only to do away with the inhuman practice once prevailing at common law not to allow accused the assistance of counsel in the trial court in cases of felony and treason.

The only law requiring counsel to be appointed is section 992 of the Rev. Stat., which reads:

"Every person who shall be indicted for any capital crime, or any crime punishable with imprisonment at hard labor for seven years or upwards, shall have a copy of the indictment and the list of the jury which are to pass on his trial, delivered to him at least two entire days before the trial.

"Every person shall be allowed to make his full defense by counsel learned in the law; and the court before whom he shall be tried, or some judge thereof, shall immediately upon his request assign to him such counsel as he shall desire.

"The counsel of any person accused of crime shall have free access to him at all reasonable hours. ·

"Every person accused shall be permitted to establish his defense by any lawful evidence, and shall have the same process as the state to compel the attendance of witnesses." Act No. 121 of 1855, p. 152.

Here the context shows that the trial which the legislator has in mind is the trial in the lower court. And, moreover, the requirement is, not that counsel shall be assigned to an accused whether he wants one or not, but only "at his request"; and in the present case no request has been made.

DAWKINS, J., takes no part.`