## WARREN et ux. v. HIGGINBOTHAM–BARTLETT CO.

No. 4264.

Court of Civil Appeals of Texas. Amarillo.
Oct. 1, 1934.

Rehearing Denied Nov. 5, 1934.

John E. Sentell, of Snyder, for appellants.

N. C. Outlaw, of Post, and Lockhart & Brown, of Lubbock, for appellee.

JACKSON, Justice.

The appellee, Higginbotham-Bartlett Company, a corporation, instituted this suit in the district court of Garza county against George Reid and his wife, Myrtle Reid, Ivan Stoker, Rufe Warren, and his wife, Callie Warren, to recover a balance due on a note and to foreclose a lien against a certain two acres of land and the improvements thereon.

The appellee alleged that on May 3, 1926, George Reid and Myrtle Reid executed and delivered to it their certain promissory note for the sum of $450, payable February 7, 1927, bearing interest at the rate of 10 per cent. per annum, and providing for 10 per cent. attorney's fees, and at the same time' executed and delivered their deed of trust creating a lien against said two acres of land to secure the payment thereof; that thereafter George and Myrtle Reid sold and conveyed said land, with the improvements thereon, to Ivan Stoker, who, as a part of the consideration therefor, assumed the payment of said note; that subsequent thereto Ivan Stoker sold and transferred said property to R. L. Warren and Callie Warren, who assumed and agreed to pay said indebtedness; that the property involved had been condemned by Garza county for highway purposes, and in the condemnation proceedings it was determined that $400 in money should be paid to the owner or owners of said property, which sum was held by the county subject to the demand of the rightful owner thereof.

The appellee dismissed its suit against George Reid, Myrtle Reid, and Ivan Stoker, none of whom assert any right in said fund.

R. L. Warren and wife answered by general demurrer, general denial, admitted that George Reid and wife, after the execution of the note and the deed of trust, conveyed their interest in the premises to Ivan Stoker, that subsequent to such conveyance Ivan Stoker sold and conveyed his interest therein to appellants, but they specially denied that Ivan Stoker assumed and promised to pay the note, and lien or that the appellants assumed or promised to pay such indebtedness. They pleaded that the deed of trust was void because given for material to erect improvements on the property, and that at the time of the execution thereof the property covered thereby was the homestead of George Reid and wife, that the provisions of the law' necessary to fix a mechanic's lien against the homestead were not complied with, and hence no lien was created.

The case was tried before the court without the intervention of a jury, and, after crediting the note with certain payments admitted, the court decreed to appellee, out of said $400, $316.90, with interest thereon at the rate of 10 per cent. per annum, and to Rufus and Callie Warren the balance of the

sum held by Garza county; that the costs be paid proportionately by appellants and appellee; that, when the $400 was paid in compliance with such decree, the county should be discharged from further liability.

The deed of trust was executed on May 28, 1926, by Reid and his wife, filed in the county clerk's office of Garza county and duly recorded on June 1st thereafter.

It is admitted that appellee is entitled to have its debt paid out of the $400 held by the county, provided its lien is enforceable against the property.

As we view the record, it is unnecessary to determine whether the property involved, at the time of the execution of the deed of trust by the Reids, was their homestead or whether, if so, the deed of trust created, when executed, a valid lien against the property.

R. L. Warren, one of the appellants, testified that Reid and his wife sold the property to Ivan Stoker in August, 1926, and that appellant and wife moved onto the premises and took possession thereof for the said Stoker about said date; that appellant purchased the property from Stoker in 1928 and continued in possession thereof.

"Q. And you paid Ivan Stoker with some money and Ivan Stoker agreed to pay this debt off? A. I knew that Ivan Stoker owed them some, but he did not say what it was for or anything and he said he would pay it.

"Q. He said he would pay on the building? A. He said he owed some.

"Q. He said he would pay it off with the money you paid him? A. No, sir, he said he would take care of the debt.

"Q. You understand there was some debt against the property that Ivan Stoker would take care of? A. I did not know it was against the building, but he said he owed some but did not say it was against the building, but said 'I owe Higginbotham-Bartlett a little bill and I will take care of that.' "

The record discloses that all the payments indorsed on the note were made after the maturity thereof and subsequent to the purchase of the property by Ivan Stoker. There is no contention that the debt Stoker advised appellant that he owed appellee was not the debt evidenced by the note and deed of trust against the property. In our opinion, the testimony warranted the court in finding that the debt which Stoker informed appellant that he owed Higginbotham-Bartlett Company and which he was to take care of was the obligation evidenced by such note and deed of trust; that such obligation arose by the assumption thereof by Stoker in his purchase of the property, or that he acquired it subject to such obligation; that such debt was a part of the consideration Stoker was to pay, and he therefore would be estopped to deny the validity of the lien.

A grantee who assumes the payment of an incumbrance in his purchase cannot deny the validity of the debt so assumed or set up that it was the homestead of his grantor at the time the debt was created. Michigan Savings & Loan Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569. Neither is such assumption within the statute of frauds, Pickett v. Jackson et al. (Tex. Civ. App.) 42 S. W. 568; nor could Mr. Stoker, under this record, attack the validity of the attorney's fees provided for in the note and deed of trust, Paddock v. Texas Building & Loan Association, 13 Tex. Civ. App. 514, 36 S. W. 1008.

"The difference between a purchaser of land assuming the payment of a lien indebtedness thereon and in purchasing the land subject to such indebtedness is simply that, in the former case the purchaser becomes personally liable for the payment of the indebtedness, while in the latter case no such personal liability exists. In both cases the indebtedness continues a burden on the land which constitutes the primary fund for the discharge of such indebtedness." Fidelity Union Fire Ins. Co. v. Cain (Tex. Civ. App.) 28 S.W. (2d) 833, 835.

"The uncontroverted facts showing that the bank took the property subject to the record, which revealed the lien and with knowledge that Gullidge recognized the lien as security to protect his indebtedness, it is, as a matter of law, under such facts, estopped to deny the validity of the lien and the mortgagee is therefore entitled to a judgment of foreclosure." Rice-Stix Dry Goods Co. v. First National Bank of McGregor (Tex. Com. App.) 231 S. W. 386, 388.

See, also, Cordell v. Lincoln National Life Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 474; Volunteer State Life Ins. Co. v. Robinson et al. (Tex. Civ. App.) 74 S.W.(2d) 188.

The appellants had actual knowledge that their grantor was indebted to appellee. The deed of trust gave them constructive knowledge of the lien securing the indebtedness which he had assumed or subject to which he had purchased the property. Since Ivan Stoker, the grantor of appellants, would be estopped to deny the validity of the lien held by appellee, appellants are likewise estopped, since parties claiming title under one

who is estopped will also be bound by the estoppel.

In Brookhout et al. v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512, 515, the court says: "We will inquire first whether the loan was in its origin usurious, and, if so, whether, under the facts and circumstances, Robert Davis was estopped to raise the issue of usury in avoidance of the foreclosure and trustee's deed to the loan company, thereunder, for if estopped, appellants, who claim a subsequent title under him, are also estopped. Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 So. 599, Ann. Cas. 1914A, 173; Powell v. Petteway, 69 Fla. 12, 67 So. 230."

See, also, Volunteer State Life Insurance Co. v. Robinson et al., supra.

Inasmuch as appellants are estopped to deny the validity of the lien asserted by appellee, it follows that the contention that the property was the homestead of the Reids is immaterial.

Appellants' assignment presenting a question of limitation is not tenable.

What we have said disposes of the other assignments, and the judgment is affirmed.