SUMMERS, Justice.
 

 Defendant Alvin Graves was charged by bill of information jointly with Donald Flournoy and Albert Zales with attempt to commit simple burglary, a felony.
 

 On May 29 and 30, 1963, Graves and Zales were jointly tried and convicted. Graves was represented by court-appointed counsel and Zales employed counsel. Flournoy testified on behalf of the State. Graves and Zales were each sentenced to serve four and one-half years at hard labor in the state penitentiary. Only Graves appealed.
 

 During the course of the trial several bills of exceptions were reserved by either court-appointed counsel for Graves or counsel employed by Zales. These bills of ex
 
 *463
 
 ceptions were not properly perfected and presented to the trial judge for signing and his per curiam as required by law. Code of Crim.Proc., arts. 498 et seq. LSA-R.S. 15:498 et seq.; State v. Honeycutt, 218 La. 362, 49 So.2d 610 (1950).
 

 A motion for a new trial was filed on behalf of Graves by his counsel on June 27, 1963, relying upon the bills of exceptions reserved during the trial. These bills of exceptions, it was alleged, were shown by reference to a transcript of the entire proceedings which was alleged to be annexed to the motion and made a part thereof. The motion further alleged that “the verdict was contrary to the law and the evidence.” There were, in fact, no bills of exceptions attached to the motion and the transcript, to which reference was made, was not prepared until August 28, 1963. A trial of the motion contradictorily with the district attorney by Graves’ counsel on June 28, 1963, resulted in the denial of the motion and Graves was sentenced that same day.
 

 Having failed to allege with more particularity wherein the illegality complained of lies, and, because the bills of exceptions relied upon to support the motion were not perfected the motion presents nothing for our review. Code of Crim. Proc., art. 507, LSA-R.S. 15:506; State v. Bueche, 243 La. 160, 186, 142 So.2d 381, 390 (1962).
 

 Thereafter, it is not clear from the record why, Graves was no longer represented by counsel, and he filed a written motion in proper person on July 8, 1963, for an appeal which the court granted returnable to this court on September 3, 1963. In this same motion it is alleged by Graves that “He desires to assume the defense of his own case for the purposes of appeal.” Plis bond was fixed at $15,000.
 

 With the case in this status, inasmuch as there are no perfected bills of exceptions, the only question presented for review on appeal is whether there are eri'ors patent on the face of the record. A review of the record reveals no such errors.
 

 The minutes of court show that Graves was present in court without counsel on September 9, 1963. The transcript of the testimony of the trial having been completed on August 28, 1963, and the accused having requested that he be furnished with a copy thereof, the copy was then presented to him. At that time the minutes show that the coixrt again asked Graves if he desired to have an attorney appointed to represent him on appeal. In addition, the minutes at this point reveal that “The accxxsed, Graves, re-affirmed the statement made previously to the Court that he desired to prosecute his appeal himself, and without the assistance of any attorney. In answer to the Court’s questions, the accused stated that he definitely did not wish an attorney
 
 *465
 
 appointed to represent him on appeal, even though the Court offered to appoint one for him, and insisted he prosecute his own appeal.”
 

 The appeal was fixed for hearing in this court on April 2, 1964. In the meantime, on February 13, 1964, the State’s attorney filed a motion to dismiss the appeal under Article 548 of the Code of Criminal Procedure, LSA-R.S. 15 :548 providing that “If the appellant be a fugitive from justice on the return day or on the day fixed for the hearing of his appeal, the appeal will be dismissed.”
 

 The motion, supported by affidavits, sets forth that Graves was then a fugitive from justice, having escaped on December 30, 1963, from the Rapides Parish jail where he was being held as a prisoner pending his appeal.
 

 A subsequent motion dated February 24, 1964, supported by affidavit, represented that Graves had been returned to the Natchitoches Parish authorities to stand trial on charges of burglary in Natchitoches Parish, including a United States Post Office, allegedly committed after the defendant escaped from the Rapides Parish jail and while he was a fugitive from justice. He was then held in the Natchitoches Parish jail.
 

 Graves filed a handwritten document in his proper person on February 26, 1964, asking us not to dismiss his appeal.
 

 The State’s motion to dismiss the appeal cannot be granted, for Graves was not a fugitive from justice on the return day of his appeal (September 3, 1963) or subsequently on the day fixed for hearing his appeal (April 2, 1964), at which time he was in jail. LSA-Const. of 1921, art. 7,. § 10; Code of Crim.Proc., art. 540, 541, 548, LSA-R.S. 15:540, 15:541, 15:548.
 

 The hearing was held on April 2, 1964, as scheduled. Graves was not present or represented. Only the State’s attorney appeared.
 

 However, prior to the hearing, and on March 17, 1964, Graves filed a handwritten brief in which he denied that he had-waived counsel and set forth that he requested counsel and was refused. This was a deliberate falsehood. Nevertheless, we take this to mean that he had changed his mind and then wanted counsel appointed to represent him. We accept, too, the clear inference from the record, that this defendant was and is indigent.
 

 The right of an accused to representation by counsel in felony cases is not new in Louisiana. See Act of May 4, 1805, of the Territory of Orleans, § 35; La.Const. of 1812, art. 6, § 18; La.Const. of 1845, art. 107; La.Code of Crim.Proc., art. 143; La. Const, of 1852, art. 103; Act 121 of 1855, § 17; R.S.1856, § 18; La.Const. of 1864, art. 105; La.Const. of 1868, art. 6; R.S. 1870, § 992; La.Const. of 1879, art. 8;
 
 *467
 
 La.Const. of 1898, art. 9; La.Const. of 1913, art. 9; La.Const. of 1921, art. 1, § 9; LSA-R.S. 15:142, 143. In State v. Summers, 4 La.Ann. 26 (1849), it was called an “undoubted right”; in State v. Ferris, 16 La.Ann. 424 (1862) this right was referred to as a “precious one”; in State v. Simpson, 38 La.Ann. 23 (1886) this court said it was an “inestimable right”. The indigent accused has long been sheltered by this laudable principle in the law of this State.
 

 Upon the authority of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), at this time we accept the proposition that an indigent accused is entitled to appointed counsel on appeal in felony cases, unless he has waived that right. Whatever considerations prompted our predecessors to refuse court-appointed counsel on appeal in State v. Garcia, 144 La. 435, 80 So. 648 (1919) must succumb to the authority of the Douglas case. In any event, in most instances, court-appointed counsel in this State, though there has been no specific statutory provision requiring them to do so, have usually continued to represent the indigent defendant on appeal — often at considerable personal expense and sacrifice.
 
 [1]
 
 The quality of the gentlemen of the bar in this State has al-
 

 most universally assured this right. The ancient precepts and traditions of the American system of law assuring “fair play” to a person accused of crime have long been recognized by Louisiana’s lawyers.
 

 We entertain no doubt that Graves intentionally and completely waived
 
 [2]
 
 counsel — not once, but at least twice. This waiver was in writing on one occasion and in open court on another occasion. It was his legal right to do so. LSA-R.S. 15:142; Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435 (1942) ; State v. White, 163 La. 386, 111 So. 795 (1927); State v. Charles, 130 La. 683, 58 So. 509 (1912).
 

 The real question is whether the waiver of counsel by Graves was intelligent and, if so, whether he can change his mind at this late stage of the proceedings and now have counsel appointed to represent him on this appeal.
 

 The written motion of the accused shows unmistakably that he desired to represent himself. The minutes of court show that on another occasion he emphatically refused the court’s offer to appoint counsel and insisted on handling his own appeal.
 

 
 *469
 
 Any presumption against waiver must fall in the face of this unequivocal showing.
 
 [3]
 

 Aside from the waivers, the conduct of the accused in creating this situation has every semblance of design. His knowledge of such matters prompted him to ask for a full transcript of the proceeding. His belated request for counsel — if it can be considered such — is timed in such a manner that granting it would disrupt the orderly process of the appeal, require setting aside what has been done and prolong his day of final judgment in this matter. The offer of court-appointed counsel in the early stages of the appeal was deliberately rejected, we think, with the end in view of bringing about the situation which now exists. State v. White, supra.
 

 Or, if another point of view were to be taken, it may be said that if he had not broken out of jail and remained a fugitive from justice for many weeks his right to counsel could have been advanced at an earlier stage of these proceedings.
 

 These factors convince us of the merit of the State’s position in opposing this defendant’s request to disregard the waiver he has so emphatically entered into this record. It would tax our credulity beyond the limits of reason to accede to Graves’ request for counsel at this time.
 

 Conviction and sentence affirmed.
 

 [1]
 

 . 23 La.Law Rev. 662 (1963); 33 Tul. Law Rev. 363 (1959).
 

 [2]
 

 . Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Youchunas, 187 La. 281, 174 So. 356 (1937); 23 La.Law Rev. 662 (1963).
 

 [3]
 

 . Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Bd. 1177 (1936).