**William Patrick RYAN**

v.

**STATE OF LOUISIANA.**

Misc. No. 1272.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 27, 1967.

Robert J. Zibilich, New Orleans, La., for plaintiff.

Robert Peyton, Asst. Dist. Atty. of Louisiana, for defendant.

MEMORANDUM OF DECISION

COMISKEY, District Judge.

An evidentiary hearing was granted William Patrick Ryan, indigent, on his application for a writ of habeas corpus on the sole point of his right to have his trial and conviction in the Criminal District Court for the Parish of Orleans reviewed on appeal with court appointed counsel.

When applicant was convicted on February 13, 1967, he told the Court that he wanted to appeal and told his then court appointed counsel of his desire to appeal. He thereafter showed his desire to appeal by writing letters to the Criminal District Court and by telling his later court appointed counsel for sentencing of his desire to appeal. Fifteen days after he was sentenced to fifteen years in the Louisiana State

Penitentiary, he wrote the Supreme Court of Louisiana asking for an appeal. This request was denied, and the Supreme Court advised him to get a lawyer. His last court appointed counsel refused to take an appeal, perhaps for valid reasons, but under Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the applicant is entitled to the state appellate review of his conviction with court appointed counsel, and under Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and United States v. Sigler, 5 Cir. 1962, 308 F.2d 946, a full and free transcript of the trial proceedings. The Supreme Court of Louisiana in State v. Graves, 246 La. 460, 165 So. 2d 285 (1964) recognized that an indigent is entitled to court appointed counsel for appeal in felony cases unless the indigent has waived that right. Nothing in the record shows that applicant Ryan has ever waived that right or wavered in his demand for an appellate review of his district court conviction.

▇ The State of Louisiana opposes this writ on the grounds that the applicant should first seek state habeas corpus on the question of court appointed counsel for an appellate review, but this is not necessary where the applicant has been effectively denied this relief by the district judge and the Supreme Court of Louisiana. As the Ninth Circuit Court of Appeals stated in Blair v. People of State of California, 340 F.2d 741, 744 (9th Cir., 1965):

> "A state prisoner has exhausted his state remedies as to a particular issue, within the meaning of 28 U.S.C. § 2254, if the issue has been decided adversely to him in the state criminal proceedings, notwithstanding the fact that he could have raised the same question, but did not, in a subsequent state collateral proceeding. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469."

Guillory v. Allgood, 379 F.2d 273, decided June 15, 1967 by the Fifth Circuit,

an almost identical case, was confronted with the same problem:

> "One of the applicant's grounds for claiming that he is in custody in violation of the Constitution of the United States is that he was denied a right of appeal on his conviction * * *."

The Court agreed and ordered habeas corpus. Two district court cases, Davis v. Boles, 247 F.Supp. 751, 1965 and Wright v. Bailey, 228 F.Supp. 560 (1964) presented much the same problem that the applicant has here and in the former case laid down the rule as follows:

> "The Fourth Circuit cases dealing with the denial of counsel on appeal clearly show that once an indigent layman exhibits a desire to appeal, the State becomes duty bound to furnish him with the necessary tools to seek appellate review and that failure to do so is cognizable by Federal Habeas Corpus. See Magee v. Peyton 343 F.2d 433, 4th Cir. 1965."

The following relief to which applicant is presently entitled was determined in *Sigler*.

Accordingly,

### ORDER

1. It is ordered that the Criminal District Court for the Parish of Orleans appoint appellate counsel for the indigent William Patrick Ryan and provide a full and free transcript of the applicant's case and the applicant shall be given time to perfect his appeal to the Supreme Court of Louisiana, or failing this,

2. It is further ordered that the applicant's conviction and sentence in proceeding No. 189,549, Criminal District Court, Parish of Orleans, is annulled and set aside, and the applicant William Patrick Ryan is granted a new trial, or failing this,

3. It is finally ordered that this Court's jurisdiction over this application for a writ of habeas corpus is retained and this application may be re-opened for cause.