SLAUGHTER & SCOTT v. STATE

5174                                    400 S. W. 2d 267

Opinion delivered March 14, 1966

Larey & Larey, M. Gabriel Nahas, Jr., Houston, Texas, for appellant.

*Bruce Bennett,* Attorney General, *Fletcher Jackson,* Asst. Atty. General, for appellee.

FRANK HOLT, Justice. The appellants were charged by information with the crime of false pretense. The jury found them guilty and assessed a three-year penitentiary sentence upon each of them. A third defendant, Jack Cavanaugh, Jr., was also found guilty and the court imposed a three-year suspended sentence upon him in accordance with the jury's recommendation. He does not appeal.

The appellants first contend for reversal of the judgment that the court erred in denying them ''counsel in violation of the Constitutions and laws of the State of Arkansas and the United States of America.'' The record is not silent on this issue. Upon arraignment the appellants pleaded not guilty and responded to the court's inquiries that they knew they were charged with false pretense; that they did not have an attorney and desired to employ their own attorney; that they were free on bail and gainfully employed. The court advised them of the trial date and instructed them to be present with their lawyer. When they appeared three weeks later on the day of the trial they advised the court that they did not have a lawyer and were not ready for trial, however, they would proceed without a lawyer. A jury was then selected with the appellants' approval after they had excused the prospective women jurors. When the jury was empaneled, a member of the local bar volunteered his assistance in defending the appellants. The court and appellants accepted his services. Throughout the balance of the trial appellants were represented by this lawyer who does not represent them on this appeal.

An accused enjoys the constitutional right to have the assistance of counsel for his defense. Amendment Six, United States Constitution. This amendment is made obligatory upon the states by the due process clause of the Fourteenth Amendment of our Federal Constitution. *Gideon* v. *Wainwright,* 372 U. S. 335, 83

S. Ct. 792, 9 L. Ed. 2d 799. See, also, Article 2, § 10, Arkansas Constitution and *Swagger* v. *State,* 227 Ark. 45, 296 S. W. 2d 204. However, this is a personal right and the accused may knowingly and intelligently waive counsel either at a pre-trial stage or at the trial. *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; *State* v. *Graves,* 165 So. 2d 285 (La. 1964); 23 C. J. S., Criminal Law, § 979(3); *Spevak* v. *United States,* 158 F. 2d 594 (4th Cir. 1946) and *United States* v. *Arlen,* 252 F. 2d 491 (2nd Cir. 1958). In the case at bar the appellants knew the nature of the charge against them and have remained free upon a professional bail bond pending trial and this appeal. They represented to the court that they were employed and would secure their own counsel for the trial. The appellants consulted with several attorneys preceding the trial. They were represented at the trial, following empanelment of the jury, by admittedly able and experienced counsel whose volunteer services were acceptable to them. Both appellants are in their thirties in age and are no strangers to court procedure since each admits a previous conviction for burglary. In the circumstances there was no denial of counsel to the appellants nor did the court abuse its discretion when it interpreted their conduct as dilatory. Any right to counsel was knowingly and intelligently waived by appellants. No unconstitutional conviction exists in this case.

Appellants next contend that the court erred in admitting illegally obtained confessions. This point involves two statements made by the co-defendant, Cavanaugh, who does not appeal from his suspended sentence. The first alleged confession was given orally by him to a deputy sheriff and the second relates to a transcript of an oral interrogation conducted by the prosecuting attorney. The appellants did not raise the admissibility of Cavanaugh's typed statement in their motion for a new trial. We cannot consider an alleged error predicated upon a ruling of the trial court when it is not assigned as erroneous in a motion for a new trial.

*Decker* v. *State,* 234 Ark. 518, 353 S. W. 2d 168; *Blaylack* v. *State,* 236 Ark. 924, 370 S. W. 2d 615.

When Cavanaugh was apprehended by the deputy sheriff he voluntarily pointed out the victim's house as being the place where he and the appellants were working. This oral statement was not an admission of wrongdoing. We do not construe this voluntary statement as being prejudicial to appellants. It was admissible. *Turney* v. *State,* 239 Ark. 851, 395 S. W. 2d 1 and *Brown* v. *State,* 239 Ark. 909, 395 S. W. 2d 344. Further, the court is not required to submit on its own motion an instruction on the issue of voluntariness of a defendant's statement. *Sheppard* v. *State,* 239 Ark. 785, 394 S. W. 2d 624.

Appellants' final contention is that the verdict is contrary to the evidence. Upon appeal we must view all of the evidence in the light most favorable to a jury verdict and it is our duty to sustain it if there is any substantial evidence to support the verdict. *Graves & Parham* v. *State,* 236 Ark. 936, 370 S. W. 2d 806; *Stockton* v. *State,* 239 Ark. 228, 388 S. W. 2d 382. The prosecuting witness is a 75-year-old widow who identified the appellants and Cavanaugh as the trio who came to her house representing to her that they were employees of Bruce-Terminix Company. Since she had a policy with this firm, she permitted them to make a two-hour inspection of her house. She was advised by them that she had beetles in the attic which needed attention. They asked for $300.00 and accepted $250.00 cash insisting they needed the money then to buy chemicals. When they did not return as indicated, she became suspicious and learned that the appellants were not employees of Bruce-Terminix Company. There was evidence by representatives of this firm and the Arkansas State Plant Board that from their inspection of her premises there was no need for any pest control treatment. According to appellants, who admitted experience in pest control activities, they (including Cavanaugh) did not know the prosecuting witness nor had they ever been on her premises. This conflict in the testimony was resolved by the

jury's verdict and it must be said there is substantial evidence to uphold it.

Affirmed.