BURKS *v.* STATE

5203                                                    405 S.W. 2nd 935

Opinion delivered September 12, 1966

*Smith & Smith,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Robert Lee Burks, an inmate at the State Penitentiary, filed his petition for a writ of habeas corpus[1] on December 29, 1965,

[1]This court, on October 18, 1965, by *per curiam* order, announced the adoption of Criminal Procedure Rule No. 1, such rule setting up the procedure to be followed by prisoners who assert an unlawful conviction or sentence, or a violation of a constitutional right. The instant matter will be disposed of as though it were filed under this rule.

in the Desha County Circuit Court, setting out that on or about April 21, 1958, after entering a plea of guilty, he was sentenced to serve a term of three years in the penitentiary by the Desha County Circuit Court on a charge of grand larceny. The record reflects that this three years was to run consecutively to a term of fifteen years, which Burks was already serving, following a conviction in the Lincoln County Circuit Court in December, 1957, of assault with intent to kill. Burks' petition alleged, *inter alia*, that he was intimidated, forced to sign statements and told to plead guilty by Superintendent Lee Henslee of the Arkansas State Penitentiary; that he was threatened with death by the superintendent, unless he entered such a plea; further, that he had been without counsel, and was not aware of his constitutional rights. Upon the filing of the petition, counsel was appointed to represent Burks, and a hearing was held before the Desha County Circuit Court, at which time Burks testified in his own behalf. This testimony reflects that appellant had escaped from the penitentiary, and it was subsequent to this event that the charge of grand larceny (stealing an automobile) was filed against him. Burks stated that, because of the escape, the superintendent "did have quite a bit of malice in his heart against me. *** I had been terrorized quite a bit by the superintendent." At the conclusion of the hearing, the court entered its order, finding no merit in the contentions raised by petitioner, and dismissing the petition. From the judgment so entered, appellant brings this appeal.

For reversal, appellant relies principally upon our case of *Swagger* v. *State*, 227 Ark. 45, 296 S. W. 2d 204, but there are clearly factual differences in the two cases. For one thing, Swagger was a nineteen-year-old boy, who had never before been convicted of any crime. The record does not reflect appellant's age, but does reflect that Burks was already serving a fifteen year sentence for assault with intent to kill at the time of the events here complained of (his plea of guilty to grand larceny). Furthermore, in *Swagger,* the court did not tell the de-

fendant that an attorney would be appointed for him, if desired.

Appellant's charge of intimidation by the superintendent has a rather hollow ring. Burks, under the statute, could have received a sentence of twenty-one years for grand larceny, and, in addition, could have received as high as five years on the charge of escaping from the penitentiary. However, as previously stated, he was only given a three-year sentence on the larceny count, and the record does not reflect that an escape charge was even filed against him. It does not appear from these circumstances that the superintendent (or any other state official) acted against Burks with animosity or in a spirit of revenge. Appellant says in his brief that his statements of intimidation by Henslee are not contradicted, but it could not be otherwise—since Mr. Henslee is deceased. The Attorney General's office pointedly comments that appellant's account of intimidation is directed at one who is unable to answer.

The judge of the Desha County Circuit Court is also the judge of the Jefferson County Circuit Court, and this jurist was presiding at the time that Swagger entered his plea of guilty in Jefferson County. After briefly discussing the *Swagger* case, the trial judge, in the instant matter, commented that, after the reversal in *Swagger,* before accepting a plea of guilty from any prisoner, the court would first ''read the information to him and instruct him that he did not have to plead guilty, that he may get him an attorney and get him a jury trial; that if he does not have funds with which to employ an attorney, the court will appoint him one and then ask him what's his wishes. That was done in this case and he indicated that he did not wish an attorney and wished to plead guilty.'' This statement is in accord with the docket entry made when appellant entered his plea of guilty in the Lincoln County Circuit Court, ''4-21-58 plea of guilty after all his constitutional rights were explained to him and sentenced to three years in the State Penitentiary, same to run consecutively with

what time he has in the penitentiary on previous sentence.''

We agree with the trial court that appellant's petition is without merit.

Affirmed.