HENRY DECKARD *v.* STATE OF ARKANSAS

5231                                                    408 S. W. 2d 604

Opinion delivered November 28, 1966

*Trantham & Knauts,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

OSRO COBB, Justice. Appellant pleaded guilty to forgery and was sentenced to a term of six years in the State Penitentiary. On May 18, 1966, while so confined, appellant filed with the trial court his motion to vacate and set aside his penitentiary sentence. This motion for post-conviction relief was filed under the authority and provisions of our *Criminal Procedure Rule No. 1,* 239 Ark. 850a (1965).

Appellant alleged in his motion that he had been denied substantial constitutional rights during the criminal proceedings against him by the absence of counsel to represent him.

The trial court scrupulously observed the provisions of Criminal Procedure No. 1 by appointing an attorney to represent appellant at the hearing on the motion; by conducting a formal hearing of record permitting appellant and his witnesses to testify, and by reviewing the criminal docket entries and the judgment entered against appellant. Following this comprehensive review, the trial court made and entered detailed written findings of fact adverse to appellant's contentions and denied appellant's motion. The case now reaches us on appeal.

Appellent now insists that he was an indigent and that the court erred in not appointing an attorney to represent him prior to his plea of guilty.

When appellant was arrested, he employed a local attorney, E. L. Holloway, to obtain his release upon bond and paid him a fee of $25.00 for these services. A period of approximately 90 days remained before the

next criminal term of circuit court, and during that time appellant earned from $85.00 to $100.00 a week and testified that he had $140.00 in cash at the time he entered his plea of guilty on June 8, 1964. There was no evidence offered which tended to show that appellant was unable to employ an attorney and entitled to court appointed counsel as provided under § 43-1203, Ark. Stat. Ann. (Repl. 1964).

Appellant discussed with Attorney Holloway the matter of representing him at trial in the circuit court and was advised that the fee would be $250.00. Appellant testified that he was very pleased with the legal services of Mr. Holloway.

Appellant had been previously convicted of the same offense of forgery and knew that he would be tried at the ensuing term of court unless he entered a plea of guilty. He had an attorney ready, willing and able to represent him for a reasonable fee and he was financially able to take care of the fee, but neglected to secure such services. Mr. Holloway, when called as a witness for appellant, testified that he understood (without setting forth the basis for the understanding) that appellant intended to plead guilty anyway. Appellant admitted that he had discussed the merits of his case with Mr. Holloway.

About a week before the trial term of the Circuit Court, appellant appeared before the court in person and asked that his case be passed for a substantial time in order to give him a chance to employ counsel. We note here that appellant was asking for time to employ counsel and not for court appointment of counsel. When the court advised him that his case would not be tried for at least another week; that he still had time in which to engage counsel and prepare his defense and that there would be no postponement of the trial, appellant then, according to his testimony, amended his request to one for immediate appointment of counsel to represent him. This testimony does not coincide with the official rec-

ords and documents prepared by the trial court. Those records reflect that appellant did ask to continue his case but that when the continuance was denied, appellant at a later date came in voluntarily and entered an unconditional plea of guilty to the charges. We quote from the criminal docket entry of January 8, 1964:

"Upon inquiry, court finds that defendant is not represented by counsel and further that he is not an indigent within the meaning of the law. Formal arraignment and plea of guilty entered to charge of forgery."

The language of the judgment against appellant is significant, and we quote same:

"*Judgment.* Now on this 8th day of June 1964 this cause coming on to be heard, the Plaintiff appearing by A. S. "Todd" Harrison, Prosecuting Attorney for the Second Judicial District of Arkansas, and the defendant appearing in person and after being questioned by the court and responding in an intelligent and understanding manner and stating in open court his full and complete understanding of all charges as filed herein and also the court determining from answers to questions propounded to the defendant that he is financially able to employ his own counsel and the defendant stating in open court that he did not desire to employ any counsel, whereupon the court formally arraigned the defendant and on arraignment he entered his plea of Guilty as charged. No reason being offered why sentence should not be imposed, the court proceeded to sentence this defendant."

Appellant does not contend, even now, that he was not in fact guilty as charged.

This case presents no new question of criminal law. There is nothing in this record to indicate that the trial court failed to discharge its full duty to appellant at all

508

stages of the criminal proceedings against appellant. Sentence was lawful. § 41-1803, Ark. Stat. Ann. (1964).

We have therefore concluded that none of appellant's constitutional rights were breached or compromised in any manner. We do not deem it necessary to discuss the following cases which support our conclusion: *Burks* v. *State,* 241 Ark. 1, 405 S. W. 2d 935 (1966); *Slaughter and Scott* v. *State,* 240 Ark. 471, 400 S. W. 2d 267 (1966); *Gideon* v. *Wainwright,* 372 U. S. 335; *Johnson* v. *Zerbst,* 304 U. S. 458; *Turner* v. *State,* 224 Ark. 505, 275 S. W. 2d 24 (1955); *Therman* v. *State,* 205 Ark. 376, 168 S. W. 2d 833 (1943); *U. S.* v. *Arlen,* 252 F. 2d 491 (1958).

The action of the trial court in denying appellant's motion to vacate sentence is affirmed.

Affirmed.