Billy Scott *v.* State

5222                                               410 S. W. 2d 401

Opinion delivered January 16, 1967

*Gerald T. Ridgeway,* for appellant.

*Bruce Bennett,* Attorney General; *Richard B. Adkisson,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. This case involves a petition for habeas corpus filed in Pulaski County Circuit Court by an inmate of the Arkansas penitentiary without assistance of an attorney of record. The petition was denied by the Circuit Court and petitioner has appealed.

Petitioner, Billy Scott, was arrested in Pulaski County on or about March 26, 1964, and on April 3, 1964, he was charged on information filed by the prosecuting attorney, with the crime of assault with intent to kill. On June 1, 1964, he entered a plea of not guilty in the Pulaski County Circuit Court and the case was passed to the September setting on motion of the defendant. On December 7, 1964, counsel for the defendant was appointed by the Court and the case was set for jury trial on January 18, 1965. When the case came on for trial on January 18, 1965, the defendant advised the Court that his counsel was not properly representing him, and at defendant's request, his counsel was discharged by the Court and the case was passed to the February setting to be re-set for trial. On January 19, 1965, the defendant was charged with assault with intent to rob instead of assault with intent to kill, and the charge of

assault with intent to kill was *nolle prosequi* by the prosecuting attorney and dismissed by the trial court.

On February 1, 1965, the defendant entered a plea of not guilty to the charge of assault with intent to rob, a new attorney was appointed for him, and the case was set for jury trial on April 6, 1965. On April 6, 1965, the defendant was tried to a jury who returned a verdict of guilty with punishment to be fixed by the Court. The defendant was committed to jail in lieu of $5,000.00 bond, and on April 12, 1965, he was sentenced to five years in the state penitentiary where he is now serving that sentence.

On November 17, 1965, the defendant filed his petition in the Pulaski County Circuit Court for a writ of habeas corpus alleging that he is being illegally held in the Arkansas penitentiary against his will in direct violation of his constitutional rights as guaranteed to him by the due process clause of Amendment 14 of the United States Constitution.

Petitioner enumerates many assignments of alleged violations of his constitutional rights in numbered paragraphs some of which, as abbreviated, allege the following:

1. That the warrant for arrest on the charge of assault with intent to kill was improper and illegal because there was no evidence to support the charge.

2. That he was denied a proper hearing on this charge and requested dismissal of his attorney for refusal to properly represent him.

3. That the "warrant was dismissed" by the Pulaski County Circuit Court.

4. That as a result of "the same warrant which

was dismissed'' another warrant was read to him charging him with assault with intent to rob.

5. That there was no evidence advanced at a hearing or at his trial to show cause for a warrant to be issued charging robbery or attempt to rob. That the warrant was improper, illegal, unconstitutional, and its issuance constituted an unlawful act against him by the Pulaski County Court officials.

6. That after the warrant was read to him on January 19, 1965, he was ''denied the right to have an attorney and a proper hearing before a proper judge until on or about the first day of February 1965, ''a period of more than ten days,'' all in violation of his constitutional rights under the decisions of the United States Supreme Court in the cases of *Mallory* v. *U. S.*, 354 U. S. 449, 77 S. Ct. 1356 (1957), and *Escobedo* v. *Illinois*, 378 U. S. 478, 84 S. Ct. 1758 (1964).

7. That the warrant and bill of information is illegal and unconstitutional because there was no evidence to verify the alleged crime and under Amendment 4 of the United States Constitution ''no warrants shall be issued except on probable cause.''

8. That it was the lawful duty of the presiding judge at the trial on April 6, 1965, to dismiss the charge of attempting to rob.

In the petition for a writ of habeas corpus the petitioner then prayed for the appointment of attorney to represent him at the hearing on his petition for habeas corpus.

Hearing on the petition was set for January 13, 1966, and an attorney was again appointed to represent the petitioner. On January 13, 1966, the hearing on the petition was continued and on May 5, 1966, the petition was set for hearing on May 9, 1966.

On April 29, 1966, the defendant presented a petition for habeas corpus to the United States District Court, Eastern District of Arkansas, Pine Bluff Division, complaining that the Circuit Court had not granted him a speedy hearing on his petition then pending in that Court, and that the attorney appoined to represent him in that Court was not representing him properly. The petition was dismissed without prejudice in the Federal Court for failure to exhaust State remedies.

On May 9, 1966, a hearing on the petition was conducted by the Pulaski County Circuit Court at which time the petitioner appeared with his counsel and testified in his own behalf in support of his petition. The petition was denied and petitioner appealed to this Court.

We have examined the record in this case, including each assignment contained in appellant's petition, and dispose of the first five assignments together.

The warrants in this case were issued on information filed by the prosecuting attorney in lieu of grand jury indictment under Amendment 21 of the Arkansas Constitution, and we reaffirm our decisions in the cases of *Penton* v. *State,* 194 Ark. 503, 109 S. W. 2d 131 (1937); *Payne* v. *State,* 226 Ark. 910, 295 S. W. 2d 312, and *Deckard* v. *State,* 241 Ark. 504, and we again hold that an examination and commitment by a magistrate is not required when a person is arrested on a warrant issued on a grand jury indictment or information filed by the prosecuting attorney, and certainly appellant's constitutional rights were not violated in the *nolle prosequi* by the prosecuting attorney on the charge of assault with intent to kill and the dismissal of that charge by the trial court.

The petitioner in this case, as any other individual, is entitled to all the rights, privileges, immunities, and protection afforded under the constitutions of the Unit-

ed States and State of Arkansas, but our constitutions are not only designed to protect the rights of individuals charged with the commission of crime; they are also designed to protect the rights of individuals who have never been charged with the commission of crime.

In petitioner's assignment six, he apparently misconstrued the decisions of the U. S. Supreme Court in *Mallory* v. *United States,* 354 U. S. 449, and *Escobedo* v. *Illinois,* 378 U. S. 478. In the *Escobedo* case, the petitioner was arrested without a warrant, taken to police headquarters with his arms handcuffed behind him and placed under interrogation by the police officers. The petitioner, as well as his regularly retained attorney, made several requests and attempts to confer with each other while both were in the same building where petitioner was being held prisoner, but the lawyer was denied access to his client, and the client was told that his lawyer did not want to talk to him. After persistent questioning without advising the petitioner of his legal rights, damaging statements were obtained from the petitioner *which were used in evidence against him at his trial.*

In the case before us, the petitioner was not only permitted to see an attorney, the Court appointed one for him. The trial court not only appointed an attorney for the petitioner, it discharged the attorney and passed the case at petitioner's request and appointed another attorney who represented petitioner at his jury trial.

In the *Mallory* case supra, the petitioner was arrested before indictment and apparently without a warrant, and after considerable interrogation by arresting officers, and without advising him that he had a right to remain silent, and a right to the benefit of counsel, a confession was obtained from him and *then* he was arraigned before a magistrate and his *confession was used against him at his trial* which resulted in his conviction.

In the case before us, no confession or other evidence procured from, or furnished by, the petitioner is involved. He has had the benefit of three Court appointed attorneys in this case. He obtained the discharge of one of his attorneys because his case was not being handled to his satisfaction, and he threatened to have another one discharged for the same reason.

The decisions in the *Mallory* and *Escobedo* cases are not mere pass keys from the Arkansas, or any other, penitentiary. They are new indictments of the age old system known as "third degree" in the interrogation of suspects in criminal cases, and neither case guarantees the accused that his case will be tried within ten days or within any other specified time.

We see no need to prolong this opinion further. The petitioner in this case was awarded more than was guaranteed to him under the constitutions of the United States and the State of Arkansas.

Finding no error in the trial court's denial of the petition for a writ of habeas corpus, the order of the trial court is hereby affirmed and the petition is denied and dismissed.

Affirmed.