Henry DECKARD, Petitioner,

v.

O. E. BISHOP, Superintendent of the Arkansas State Penitentiary, Respondent.

No. PB-66-C-102.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Feb. 15, 1967.

Henry Deckard, pro se.

Bruce Bennett, Atty. Gen., State of Arkansas, Philip N. Gowen, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

HENLEY, Chief Judge.

This habeas corpus proceeding, prosecuted in forma pauperis, is now before the Court on respondent's response to the Court's order to show cause why the writ of habeas corpus should not issue. Petitioner, Henry Deckard, an inmate of the Arkansas State Penitentiary by virtue of

a 1964 judgment and commitment of the Circuit Court of Clay County, Arkansas, challenges the legality of his detention on federal constitutional grounds. He alleges in substance that the Clay County Circuit Court denied him procedural due process of law when it accepted his plea of guilty to a charge of forgery without appointing an attorney to represent him free of charge and when it refused to grant him a continuance.

Availing himself of the post-conviction procedure set up by Criminal Procedure Rule 1 of the Supreme Court of Arkansas, petitioner first advanced his contentions in the sentencing court. An attorney was appointed to represent him; a hearing was held; the Circuit Judge made detailed findings and entered an order denying petitioner's application for post-conviction relief. The Supreme Court of Arkansas affirmed. Deckard v. State, 241 Ark. 504, 408 S.W.2d 604.

State remedies having been exhausted, petitioner filed the instant petition in this Court on December 12, 1966. After respondent filed his pleading in the case, the Court requested the Attorney General of Arkansas to make available to the Court a transcript of the post-conviction proceedings in the State Court, which has now been done. The transcript includes not only the testimony taken in the course of the post-conviction hearing but also copies of papers and docket entries in the original criminal prosecution of petitioner.

The Court has given very careful consideration to the materials before it for the purpose of determining whether petitioner's contentions are sufficiently substantial to require the Court to appoint counsel to represent him and to hold an evidentiary hearing. The Court concludes that petitioner's claims are not substantial, and that there is no occasion for the appointment of an attorney or for conducting a hearing.

In January 1964 petitioner was arrested in Arizona on a charge of forging a $70 check drawn on a Clay County, Arkansas, bank. He waived extradition and was returned to this State. In late January of that year he was brought before a Clay County Justice of the Peace for preliminary proceedings. In connection with those proceedings he was represented by E. L. Hollaway of Corning, Arkansas, an attorney of his own choice; Mr. Hollaway received a fee of $25 for his services before the Justice. Petitioner waived a preliminary hearing, was bound over for action by the Circuit Court of Clay County, and was released on $1,000 bail. A formal information against peititioner was filed by the Prosecuting Attorney in the Circuit Court in February 1964.

Petitioner and Hollaway discussed the matter of the latter's employment by the former to represent him in the Circuit Court. Hollaway advised petitioner that the required fee would be $250. It does not appear that petitioner quarreled with the amount of the fee, which was not unreasonable; nor did petitioner ever ask for a lower fee or for any credit from Hollaway. Petitioner, however, never employed Hollaway to represent him in the Circuit Court; he testified that he thought that his wife was making arrangements with Hollaway, but she did not do so. Hollaway testified that it was his understanding that petitioner at all pertinent times intended to plead guilty ultimately.

The trial term of the Circuit Court at which petitioner's case would have been heard normally was due to convene about the middle of June 1964. On June 8 of that year the Honorable Charles W. Light, an able and experienced Circuit Judge, was holding a pretrial term in Clay County and petitioner was brought before him. Under Arkansas law petitioner was entitled to be represented by counsel and was entitled to have counsel appointed to represent him free of charge if he was financially unable to employ an attorney. Ark.Stats.Ann. § 43–1203.

When petitioner appeared without counsel, Judge Light went into the matter. Petitioner indicated that he wanted an attorney appointed to represent him and that he wanted his case passed either for the term or for thirty days.

Judge Light questioned petitioner and ascertained that he had been working while at large on bail, that he had been earning from $85 to $100 per week, and that he had in his possession or readily available to him the sum of $140. The Judge found as a fact that petitioner was not indigent within the meaning of the law and was not entitled to have the services of counsel gratis. The Judge was also of the opinion that there was no necessity for passing the case for so long a time as petitioner desired. Ultimately, on the same day petitioner indicated that he desired to plead guilty without benefit of the advice of counsel. He was permitted to do so, and received a sentence of six years.

The post-conviction hearing was conducted by Judge Light's colleague, the Honorable John S. Mosby. Petitioner and Mr. Hollaway testified. Judge Light did not testify, but petitioner introduced in evidence a copy of a letter which Judge Light had written in March 1966 to the attorney whom he had appointed to represent petitioner originally in connection with petitioner's application for post-conviction relief. Judge Light's letter gives his version of what transpired in June 1964 when petitioner was arraigned and sentenced.

Judge Mosby found ultimately that petitioner's sentence was not imposed in violation of any rights guaranteed to petitioner by the Constitution of the United States or by that of Arkansas, that the sentence was not in excess of the maximum provided by law, and was not otherwise subject to collateral attack.

In making his ultimate findings Judge Mosby evidently adopted the original finding of Judge Light that petitioner was not indigent on June 8, 1964. He also found specifically that Judge Light told petitioner that he had "more than a week to arrange for an attorney, if he desired one." It was also found that later on the same day "the petitioner again came before the Court (Judge Light presiding) and stated that he wished to enter a plea of guilty; and that he did not want an attorney to represent him, which plea the Court accepted and the petitioner was sentenced to six years in the State Penitentiary." Referring to petitioner's testimony before him Judge Mosby stated: [*]

"Petitioner testified that he understood the charges filed against him and the penalties therefor, having been previously convicted several times and served time for forgery and uttering and for burglary and grand larceny. When asked why he had entered his plea of guilty he stated that he thought that he might get a suspended sentence."

In affirming Judge Mosby's decision denying post-conviction relief the Supreme Court of Arkansas, in an opinion written by former Justice Osro Cobb, carefully reviewed the record made up before both Judge Light and Judge Mosby. The opinion concludes as follows (p. 606 of 408 S.W.2d):

"This case presents no new questions of criminal law. There is nothing in this record to indicate that the trial court failed to discharge its full duty to appellant at all stages of the criminal proceedings against appellant. Sentence was lawful. § 41–1803, Ark. Stat.Ann. (1964).

"We have therefore concluded that none of appellant's constitutional rights were breached or compromised in any manner. We do not deem it necessary to discuss the following cases which support our conclusion: Burks v. State, 241 Ark. 1, 405 S.W. 2d 935 (1966); Slaughter and Scott v. State, 240 Ark. 471, 400 S.W.2d 267 (1966); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Turner v. State, 224 Ark. 505, 275 S.W.2d 24 (1955); Therman v. State, 205 Ark. 376, 168 S.W.2d 833 (1943); United States v. Arlen, 2 Cir., 252 F.2d 491 (1958).

"The action of the trial court in denying appellant's motion to vacate sentence is affirmed."

■ In a habeas corpus proceeding involving the validity of the confinement of a State prisoner, a federal district court is not bound by State court findings on questions relevant to federal constitutional questions raised in the habeas corpus case; in the last analysis the federal court must make its own determination as to whether the State court proceedings are tainted with denials of due process of law. However, the federal habeas corpus court is not invariably required to hold an evidentiary hearing and in proper cases may accept State court factual findings. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770; Wright On United States Courts, § 53, pp. 181–183.

In Townsend v. Sain, supra, the Supreme Court held that in a federal habeas corpus case involving a State prisoner the federal court always has the power to conduct an evidentiary hearing where disputed questions of facts are involved. And, in certain circumstances the federal courts must hold such a hearing. Those circumstances are: (1) If the merits of the factual dispute were not resolved in the State hearing. (2) If the State factual determination is not fairly supported by the record as a whole. (3) If the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing. (4) If there is a substantial allegation of newly discovered evidence. (5) If the material facts were not adequately developed in the course of the State hearing. (6) If "for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." (372 U.S. at 313, 83 S.Ct. at 757.) However, the opinion of the Court makes it clear that where none of those circumstances is present, the question of whether the federal court should hold a hearing is largely a matter which lies within the discretion of the district judge.

■ When the record made in the State court in this case is considered in the light of the principles of Townsend v. Sain, supra, the Court is persuaded that this is not such a case as compels the holding of a hearing, and the Court does not believe that anything would be gained by conducting a hearing.

■■ When a defendant in a State criminal case appears before the court without counsel and asks that a lawyer be appointed to represent him and that his case be continued, it is incumbent upon the presiding judge to determine, usually forthwith, whether the defendant is indigent and whether and for how long the case should be passed. In the absence of a clear showing of hardship, oppression, or injustice those determinations fairly made should not be set aside lightly, certainly not by a federal court in a habeas corpus case.

There is nothing in the record here to indicate that Judge Light in refusing to appoint counsel and in refusing to pass the case beyond the approaching jury term acted arbitrarily, capriciously, or in disregard of petitioner's legitimate rights. His determinations are entitled to weight, as such; moreover, they have been considered fully by Judge Mosby and by the Supreme Court of Arkansas. They will not be disturbed by this Court.

A judgment will be entered dismissing the petition. If petitioner desires to attempt to appeal the judgment to the United States Court of Appeals for the Eighth Circuit at St. Louis, Missouri, he may tender to the Clerk of this Court a notice of appeal together with an affidavit of poverty and an application for a certificate of probable cause; those steps must be taken within thirty days after entry of the judgment. If and when they are taken, the Court will consider whether to permit the appeal; if this Court disallows the appeal, petitioner may seek relief from the Court of Appeals or from one of the Judges thereof.