ARK.] 1067

MURRAY WELLS *v.* STATE OF ARKANSAS

5206                                                411 S. W. 2d 529

Opinion delivered February 20, 1967

1. CRIMINAL LAW—TIMELY APPOINTMENT OF COUNSEL—CONSTITU-
   TIONAL PROVISIONS.—Whether appointment of counsel is timely
   depends on whether the trial is fundamentally unfair because
   of a delay in assigning counsel.
2. CRIMINAL LAW—TIMELY APPOINTMENT OF COUNSEL—VIOLATION
   OF CONSTITUTIONAL RIGHTS.—The fact that counsel is not ap-
   pointed for an accused immediately upon filing of an informa-
   tion does not constitute delay in assigning counsel which would
   make the trial fundamentally unfair.
3. CRIMINAL LAW—VOLUNTARINESS OF CONFESSION—WEIGHT & SUF-
   FICIENCY OF EVIDENCE.—Contention that involuntariness of ap-
   pellant's initial confession made at the penitentiary under threat
   of death continued and included confession of guilt in open
   court at subsequent hearing thereby making latter admission
   illegal held without merit where trial judge who presided at
   both hearings did not accept as true appellant's uncontradicted
   testimony.
4. CRIMINAL LAW—CONFESSIONS, ADMISSIONS & DECLARATIONS—PROV-
   INCE OF COURT.—The giving of testimony by an accused, although
   uncontradicted, does not mean it must be accepted as true by
   the trial court.
5. CRIMINAL LAW—ACCUSED'S RIGHT TO COUNSEL—WAIVER.—Conten-
   tion that appellant's plea of guilty made in open court in ab-
   sence of counsel was void held without merit where appellant
   was advised of his constitutional rights, including right to coun-
   sel, which he waived and entered plea of guilty to second degree
   murder.

Appeal from Lincoln Circuit Court, *Henry W. Smith*, Judge; affirmed.

*Odell C. Carter*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. General, for appellee.

LYLE BROWN, Justice. Appellant is an inmate of the Arkansas penitentiary and by this proceeding questions the ruling of the Lincoln County Circuit Court wherein appellant's prayer under a habeas corpus proceeding was denied.

Wells received a five year sentence in the Cross County Circuit Court in 1956. A fellow inmate at the penitentiary was killed in 1957 and appellant was charged in the Lincoln County Circuit Court with murder. He entered a plea of guilty to second degree murder on August 3, 1957, and received a sentence of 21 years to run consecutively with the previous sentence.

In October 1965, Wells filed a handwritten petition in the Lincoln Circuit Court, which was appropriately treated by the trial court as a petition for a writ of habeas corpus. He alleged he was being detained in violation of his constitutional rights, in that he was a minor at the time, that he was not afforded counsel, and that he was coerced by the late Capt. Lee Henslee into making a confession. Wells was brought before Hon. Henry W. Smith, presiding judge of the Lincoln Circuit Court, and the same judge who was presiding in 1957 and sentenced Wells. Hearing was set for March 9, 1966, and Attorney Odell Carter was appointed to represent the petitioner. The trial court entered these findings on his docket:

> "3-9-66.  Odell Carter appointed to represent the defendant. The Court finds no merit in the petitioner's petition. On 8-3-57 the petitioner was brought into court on a first degree murder charge and all his constitutional rights were explained to him and he was offered an attorney and a jury trial. The petition is denied and he is remanded to Supt. of State Penitentiary."

The proceedings of March 9 were not transcribed; however, counsel for appellant states in his brief that appellant testified to the matters contained in his petition for writ of habeas corpus; that the State responded by denying the allegations and presenting a penitentiary commitment valid on its face.

Two points are relied upon for reversal, and they will be set forth as they are discussed.

First: *The appellant's constitutional rights were violated in that he was not properly represented by counsel at all stages of the legal proceedings.* Appellant asserts that the right to counsel began upon the filing of the information on June 21, 1957.

Appellant cites *United States* v. *Richmond,* 295 F. 2d 83 (1961). This decision does not sustain appellant's first contention. It holds that whether the appointment of counsel is timely depends on whether the trial is fundamentally unfair because of delay in assigning counsel. Further, it is there held that the precise point at which the duty to assign counsel arises "is not set by any inflexible rule." In our case, appellant would have us set an inflexible rule of requiring appointment of counsel immediately upon the filing of the information. We have also examined the other authority upon which appellant relies. *Hawk* v. *Olson,* 326 U. S. 271 (1945). It simply holds that the appointment of counsel must be timely made, substantially as is held in *Richmond.*

Under the first point, appellant further contends that he made a confession under threat of death, that the influence of this confession continued down to and included the confession of guilt in open court and made the latter admission illegal. Appellant overlooks the fact that the trial court listened to his testimony about the alleged confession made at the penitentiary and found no merit in it. As was pointed out in the *Hawk* v. *Olson* case, the giving of such testimony, although uncontradicted, does not mean it must be accepted as true by the trial court. As has been pointed out by this court in previous cases, Capt. Henslee is deceased; further, the same judge presided at both hearings.

This brings us to a consideration of the final contention advanced by appellant under his first point, namely, that the plea of guilty made in open court in the absence of counsel, is void. He cites *Massiah* v. *United States,* 377 U. S. 201, 84 S. Ct. 1199 (1964). We fail to see the analogy. Massiah was free on bail and

had obtained a lawyer; a government agent obtained a statement from Massiah in the absence of his attorney; the court, of course, held it to be inadmissible. It is a rule of law firmly established that a defendant may intelligently waive right to counsel. In this instance the trial court advised defendant of his constitutional rights including right to counsel, and he waived it and entered his plea of guilty to second degree murder. We presume that Judge Smith explained the degrees of murder, and, as defendants oftimes do, Wells countered that he was not guilty of murder in the first degree. The next logical step is to take up the lesser degree, explain the elements of the charge and the punishment. At this stage of the proceeding, Wells apparently indicated his desire to enter a plea of guilty. Appellant certainly does not claim the trial judge did not follow the statutory procedure.

The second heading of appellant's points—"Point II"—is to the effect that the confession made at the penitentiary was involuntary. As previously pointed out in this opinion, the trial court found this contention to be without merit. We are sure the trial court was impressed, as we are, with the fact that these contentions are becoming stereotyped. For example, the pleadings in this respect by Wells are almost identical with the contentions made by the petitioner in *Burks* v. *State*, 241 Ark. 1, 405 S. W. 2d 935 (1966). Furthermore, when Wells was brought before the court in 1957, he apparently did not choose to reveal to the trial court the alleged acts of coercion which he now raises for the first time and some eight years later.

Affirmed.