Duncan Walter McIntyre *v.* State

5250                                    412 S. W. 2d 826

Opinion delivered March 27, 1967

230

*Jesse B. Thomas*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Duncan Walter McIntyre, the appellant, was sentenced to 18 years in the Arkansas Penitentiary by the Circuit Court of Garland County on August 4, 1961, upon a charge of burglary alleged to have been committed on the first day of August, 1961. He was committed to the penitentiary and, on the 29th day of November, 1965, filed a motion in forma pauperis to vacate the sentence under Criminal Procedure Rule No. 1. He alleged that his rights under the United States Constitution were violated in that he was deprived of the assistance of counsel in his defense by reason of the fact that he was not advised of his right to counsel at any stage of the proceeding against him.

The motion was heard by the Garland Circuit Court on the fourth day of April, 1966. At this hearing the court heard the testimony of appellant and Ray Davis, an officer of the Arkansas State Police. McIntyre testified that he did not have a lawyer when he entered his plea of guilty and that he was never advised that he was entitled to a lawyer. He denied having waived his right to counsel and said that the question was never brought up. He admitted that he had been convicted of crime before, but stated that he had never had a trial, having always entered a plea of guilty. On examination by the court, he admitted that he did not ask for an attorney. The State introduced a statement of appellant's obtained by police officers immediately after his

arrest. This statement showed no felonious intent on the part of appellant. The prosecuting attorney described it as not having admitted anything. The state police officer only introduced the criminal record of appellant.

The court denied the motion and filed its finding of fact. The findings state that appellant entered a plea of guilty and that the State had offered testimony that appellant "had been advised of his rights before entering a plea, and that he knew his sentence would be eighteen years". There is no evidence to contradict that of appellant as to his waiver of the right to counsel, nor is there any finding by the trial court that there was such a waiver. In this respect, the present case is readily distinguished from the case of *Deckard* v. *State,* 241 Ark. 504, 408 S. W. 2d 604, where the court, after a formal hearing and comprehensive review of the record, made detailed written findings of fact adverse to the accused's contentions before denying the motion. In the *Deckard* case, this court found the trial court's findings of fact to be sustained by the record. Likewise in *Wells* v. *State,* 241 Ark. 1067, 411 S. W. 2d 529, the record disclosed a waiver of the right to counsel after defendant was advised of this right by the trial court.

It has been made absolutely clear by the Supreme Court of the United States that an accused is entitled to relief from a conviction, under the due process clause of the Fourteenth Amendment to the Constitution of the United States, whenever the proceedings indicate the unfairness of trial without the help of a lawyer. *Carnley* v. *Cochran,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884; *Gideon* v. *Wainwright,* 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 ALR 2d 733. In view of the fact that the charge against appellant appears to have been based upon his statement, it seems beyond question that appellant stood in need of the assistance and advice of counsel. Under federal constitutional standards prescribed by the United States Supreme Court, the acceptance of appellant's plea of guilty without a conscious waiver of his right to assistance of counsel violated the Fourteenth

Amendment. *Carnley* v. *Cochran, supra; Gideon* v. *Wainwright, supra.* It was held in the Carnley case that, under circumstances where the assistance of counsel is a constitutional requisite, any waiver thereof must be intelligently and understandingly made, failure to request assistance of counsel is not a waiver and, in order to justify finding a waiver, the record must show or there must be evidence that shows that an accused was offered counsel but intelligently and understandingly rejected the offer. The only effect of appellant's plea of guilty in this regard is to raise a question of fact requiring a hearing. *Rice* v. *Olson, Warden,* 324 U. S. 786, 789-791, 89 L. Ed. 1367, 1369-1371, 65 S. Ct. 989, *Carnley* v. *Cochran, supra.*

In order to meet the constitutional requirements set out in these and similar decisions of the United States Supreme Court, this court adopted Criminal Procedure Rule No. 1 to provide for state post conviction relief. Since the files and records of the case would not show that McIntyre was not entitled to relief, the trial court properly conducted a hearing under Paragraph (E) of the Rule. This paragraph requires that the trial court shall determine the issues and make written findings of fact and conclusions of law with respect thereto. There is no finding of fact in this case that appellant was advised of his right to counsel, or that he was offered counsel or that he waived this right. Nor is there any evidence in the record upon which the trial judge could have based such a finding. The docket sheet in the case reveals nothing in this respect. No witness to the proceedings when appellant's plea was accepted was offered and there is no statement by the trial judge who appears to have been the same judge who accepted the plea of guilty.

In the face of these deficiencies in the findings of the trial court and the evidence at the hearing, we have no alternative except to reverse the order of the lower court denying the motion to vacate the sentence and to

remand this case for a new trial of the appellant on the charge of burglary.

Reversed and remanded.