JOHN BARGER *v.* STATE OF ARKANSAS

5558                                    462 S. W. 2d 216

Opinion delivered January 25, 1971

*Robert L. Blount,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. John Barger was 43 years of age in 1963 when he was charged by information filed in the White County Circuit Court with the crimes of forgery and uttering, in that he forged the name of Charlie Imhoff on a check drawn on the American National Bank of North Little Rock in the amount of $99.73, with his own name inserted as payee; and that he uttered the check to K. B. Pannell, knowing it to be forged and fictitious. He entered pleas of guilty

to both counts on September 13, 1963, and was sentenced to the state penitentiary for periods of five years on each count, or a total of ten years on both counts.

On November 3, 1969, Barger filed his handwritten petition designated "Petition to Vacate" in the White County Circuit Court, alleging that his constitutional rights had been violated in that he did not have the benefit of legal counsel when he entered his pleas in 1963; and that he was not advised that he had a right to counsel or that counsel would be appointed for him if he was unable to employ one. On July 8, 1970, a hearing was had on the petition in the White County Circuit Court and Barger appeared and testified. The petition was denied by the trial court and Barger has appealed. He relies on the following points for reversal:

"Appellant was not advised of his right to counsel or of his right to have counsel appointed for him, prior to entering his plea, and appellant did not waive these rights.

Appellant established a prima facie case in his behalf which was not overcome by a preponderance of the evidence. In fact there was no evidence to rebut this. Positive testimony of the witness must govern where other witness or witnesses have no recollection of facts in issue."

No record was made of the proceedings when Barger entered his pleas of guilty in 1963, only six months after the now familiar decision of the United States Supreme Court in Gideon v. Wainwright, 372 U. S. 335. Many criminal trials and pleas of guilty had intervened during the six years between Barger's pleas of guilty and his hearing on the petition for post-conviction relief and the trial court judge was forced to rely on his own memory of exactly what was said and done when the guilty pleas were accepted, as opposed to Barger's memory of only one case in which he was the defendant.

Barger was represented by appointed counsel at the hearing on his motion and Barger testified very positively that he was not advised that he had a right to assistance of counsel, and that one would be appointed for him by the court if he was unable to employ one and desired such appointment. The trial judge was unable to remember the details in Barger's case but did recall that it has always been his regular procedure to inquire of all defendants in criminal cases whether they are represented by counsel or desire the appointment of counsel before accepting pleas of guilty, and the trial judge assumed that Barger's case was no exception. The only other persons who could shed any light on the matter were the prosecuting attorney and his assistant, and both of them had died between the dates of Barger's pleas of guilty and the hearing on his motion.

The duties of a trial judge in accepting pleas of guilty were made perfectly clear even before the United States Supreme Court decision in *Boykin* v. *Alabama,* 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (June 2, 1969). The court in that case, after pointing out that a plea of guilty is more than a confession which admits that the accused did various acts; and after pointing out that a plea of guilty "is itself a conviction" with nothing remaining but to give judgment and determine punishment, said:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan,* 378 U. S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489. Second, is the right to trial by jury. *Duncan* v. *Louisiana,* 391 U. S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444. Third, is the right to confront one's accusers. *Pointer* v. *Texas,* 380 U. S. 400, 13 L. Ed 2d 923, 85 S. Ct. 1065. We cannot presume a waiver of these three important federal rights from a silent record.

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (*Garner* v. *Louisiana,* 368 U. S. 157, 173, 7 L. Ed. 2d 207, 219, 82 S. Ct. 248; *Specht* v. *Patterson,* 386 U. S. 605, 610, 18 L. Ed. 2d 326, 330, 87 S. Ct. 1209), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.''

We might add a fourth right which is the right to be represented by counsel. *Gideon* v. *Wainwright, supra.*

It is plain from Barger's petition, and from his testimony, that he is not an illiterate person who did not know the nature of the charges against him and did not know what he was doing when he entered his pleas of guilty. The charges against him were clear and simple. He was simply charged with the statutory offenses of forgery and uttering. The charges were laid in the language of the statute (Ark. Stat. Ann. § 41-1806 [Repl. 1964]), and only involved physical acts and knowledge of same. Barger knew whether he wrote the check to himself and forged Charlie Imhoff's name as the maker and if he did so, he was bound to have known whether he cashed it. If he wrote and cashed the check, he was bound to have known that the check was forged when it was cashed.

Mr. Barger testified that he had served previous prison sentences in other state and federal prisons for similar offenses, and had never been advised at any of his trials that he had a right to have counsel appointed. He testified that he had a similar charge pending against him in Pulaski County when he entered his pleas in the White County Circuit Court, and that he was taken from the Pulaski County jail to White County for the purpose of disposing of the White County charge at his own request. Barger also admitted

that he was released on parole from the penitentiary while serving the White County sentences and was returned to the penitentiary for an admitted parole violation.

At his post-conviction hearing, in the presence of his counsel and under questioning by the court, Barger admitted that he was guilty of the crimes with which he was charged and for which he was sentenced, but he contends that his conviction should be set aside simply because counsel was not appointed for. him.

"THE COURT: . . . Let me ask you one more question, you came into this Court on the 13th and entered a plea of guilty.

MR. BARGER: Yes, sir.

THE COURT: Were you guilty?

MR. BARGER: Yes, sir.

THE COURT: It doesn't make any difference whether you are guilty or innocent, it's just that a mistake was made in not providing you with a lawyer, isn't that it?

MR. BARGER: Yes, sir."

Barger was also charged with three counts of forgery in Pulaski County in July, 1963. He pleaded *not guilty* to those charges. For reasons not apparent he was not brought to trial during the September, 1963, or the March, 1964, terms of the Pulaski County Circuit Court, and on February 1, 1965, (a day of the September, 1964 term) he entered pleas of guilty and was sentenced to the pentitentiary. On appeal to this court from an adverse decision on motion for post-conviction relief, we reversed because admittedly Barger was never advised of his right to counsel and none was appointed for him. *Barger* v. *State*, 242 Ark. 304, 413 S. W. 2d 54. See also Ark. Stat. Ann. § 43-1708 (Repl. 1964). Likewise in the case of *McIntyre* v. *State*, 242 Ark. 229, 412

S. W. 2d 826, cited in *Barger, supra,* the necessary element of intent in connection with the charge of burglary appeared questionable.

In the case at bar Barger testified that about two years after he was committed to the penitentiary, he first learned of his right to have an attorney. He gives no reason at all for his long delay in filing his petition. There is no longer any question as to the duties of a trial judge in accepting pleas of guilty in criminal cases, but as a common sense proposition it does not always and necessarily follow, that constitutional rights are violated in any and all cases, under any and all circumstances, where a plea of guilty is entered by the accused and accepted by the trial court without the assistance of counsel, and without the accused affirmatively stating in so many words, "I do not desire the assistance of counsel." *Bute* v. *Illinois,* 333 U. S. 640; *Carnley* v. *Cochran,* 369 U. S. 506.

We conclude that under the evidence of record, Barger's constitutional rights were not violated in this case.

The judgment is affirmed.