## Harold David EVANS v. STATE of Arkansas

5622                                    471 S.W. 2d 346

Opinion delivered October 11, 1971

*Harold C. Rains, Jr.,* for appellant.

*Ray Thornton,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. This is an appeal from an order denying appellant's Rule 1 petition for postconviction relief from a 21-year sentence based upon a charge of grand larceny. For reversal the appellant contends that: "The appellant has at all times insisted that he was never advised of all his constitutional rights prior to his entering a plea of guilty." The thrust of appellant's argument is that since he did not have the advice of counsel when he entered his plea, he misunderstood the effect of his agreed concurrent sentence, *i. e.,* he understood that his 21-year sentence and the 17-year balance of an earlier 21-year sentence would be "over together" at the end of the 17 years. Therefore, asserts appellant, he should have had the assistance of counsel when he entered his guilty plea. We find no merit in this contention.

At the evidentiary hearing, February 1971, on appellant's postconviction petition he was represented by present court-appointed counsel. Appellant, 24 years of age, testified that in June 1970 he was on furlough from the State Penitentiary where he had completed four years of a 21-year sentence he had received from the Sebastian Circuit Court for armed robbery and larceny. During his furlough he allegedly committed the offenses of grand larceny (3 counts), false imprisonment, and assault with a deadly weapon. In negotiating his plea of guilty with the prosecuting officials, he understood that his single sentence on grand larceny would run concurrently with the balance of the 17 years and that he would receive no additional punishment. In other words, by accepting this concurrent sentence, he would have credit on his new sentence for the 4 years served and his total punishment would not be increased beyond the remaining 17 years. He says he agreed to this after his refusal to accept 22 years for himself and 5 years for a woman codefendant. Upon appellant's advice and counsel, she refused a 5-year sentence and then accepted a 5-year sentence with 4 years suspended. Appellant testified that he was never advised of his right to counsel.

The docket sheet reflects that, ten days after appellant appeared in court and was advised of his rights, he entered his plea of guilty at which time he waived "all rights." The then judge testified that it was always his policy to advise defendants of their rights to counsel. The trial judge stated that he definitely advised appellant of his constitutional rights, including his right to counsel and trial by jury, that he offered to appoint counsel and appellant "did not desire an attorney." The judge testified that the appellant knew before he entered his plea of guilty the sentence he would receive and "he knew he was going to get additional time, that was fully explained to him when he pleaded guilty." The trial judge testified that he was personally acquainted with appellant, and that he considered him to be "of average or above intelligence and discussed the matter in a manner that made the court know that he understood." There was corroborating testimony adduced by the State that appellant was advised of his constitutional

rights. Evidence was also adduced by the State that appellant was not a novice in the criminal courts. Appellant admitted that in at least two other cases he had experienced the advice of courts and court-appointed counsel as to his constitutional rights when he had appeared and pleaded guilty to driminal charges in the state and federal courts.

It is a firmly established rule of law that a defendant can intelligently waive his constitutional right to counsel. *Wells* v. *State*, 241 Ark. 1067, 411 S. W. 2d 529 (1967); *McIntryre* v. *State*, 242 Ark. 229, 412 S. W. 2d 826 (1967); *Barger* v. *State*, 249 Ark. 878, 462 S. W. 2d 216. (1971).

In the case at bar we think there is ample evidence to sustain the court's findings that the appellant knowingly and intelligently waived his right to counsel after being fully advised as to the effect of his concurrent sentence. A full canvass of the record convinces us there was no violation of appellant's constitutional rights.

Affirmed.