Anthony BELL and Michael WALKER
*v.* STATE of Arkansas

CR 75-122                                    530 S.W. 2d 662

Opinion delivered December 8, 1975
[Rehearing denied Jan. 19, 1976.]

*Greene, Cottrell, Craig & Cloar,* by: *Ralph Cloar, Jr., Garner L. Taylor,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellants in this appeal, Michael Walker and Anthony Bell, were arrested on September 25, 1975, and charged with the murder of Marcelia L. Dillman which occurred during the course of a robbery. The State waived the death penalty. A jury found appellants guilty of first degree murder and they were sentenced to life imprisonment.

For reversal appellants rely upon several points. One assignment of error by both appellants is their assertion that they were entitled to separate trials either as a matter of right or because of the facts and circumstances of this particular case. Ark. Stat. Ann. § 41-4702 (Supp. 1973) designates as a capital felony "the unlawful killing of a human being when committed in the perpetration of * * * robbery."

Ark. Stat. Ann. § 43-1802 (Repl. 1964), in part relevant

to appellants' contention, provides that "when two or more defendants are jointly indicted for a capital offense, any defendant requiring it is entitled to a separate trial. . ." In *Vault* v. *Adkisson*, 254 Ark. 75, 491 S.W. 2d 609 (1973), it was pointed out that an appellant can invoke the procedure of a separate trial "as a matter of right" only when "the accused upon conviction is subject to the imposition of the death penalty." Here the State waived the death penalty, a step which forecloses Walker's plea for severance as a matter of right.

The alternative reason given by appellants for severance is that under the circumstances of this case it was an abuse of discretion for the trial court to refuse to grant severance because of the cross implicating aspect of their confessions.

Michael Walker's statement was that he, Tony Bell and Wesley Long were riding around with some other "dude" and they were talking about robbing a store. Wesley told the "dude" to pull into the side of a store and the others got out while he (Walker) stayed in the car. Tony Bell was standing not far from the corner of the store and the other two went inside. He heard a shot from the store; then the others returned to the car. While driving home Wesley Long divided up the money and Tony Bell got some and he (Walker) got about $40.

Anthony Bell's statement was essentially the same except he stated while riding around they "decided" to rob a store; identified the store as the Magic Market; Wesley Long got Mike's gun and that he (Bell) stayed outside the store as lookout. After the shot the three ran and got in the car and on the way home they split the money, of which he received about $60 or $70 and Mike got about the same amount. Wesley told him a few days later the woman in the store had died.

In *Mosby* v. *State*, 246 Ark. 963, 440 S.W. 2d 230 (1969), the problem of cross-implicating confessions was raised, and we held that the unfairness inherent in such confessions could be avoided by either the granting of a separate trial or by deletion of the offending portion of the confession. The appellee made such deletions here. However, on cross-

examination the State used undeleted confessions in the form of questions for the purpose of impeaching the credibility of the appellants, both of whom voluntarily took the stand. The trial court admonised the jury to consider these questions and answers as going *only* to credibility of appellants. Since both appellants testified the device of cross-examination enabled the appellants to avail themselves of every opportunity to refute any testimony adverse to their position. This satisfies the requirements of *Bruton* v. *U.S.*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), in that confrontation is assured by virtue of the fact that here, unlike the situation in *Bruton*, both appellants had the opportunity to cross-examine on any information contained in the confessions. See also *Miller* v. *State*, 250 Ark. 199, 464 S.W. 2d 594 (1971). This same reasoning controls Appellant Walker's contention that the trial court erred in denying his motion for a mistrial based upon the reading of Appellant Bell's statement, which mentioned Walker, during the State's cross-examination of Bell. The trial court warned the jury that such a statement could not be used in assessing guilt but only in assessing Bell's credibility. Appellant Walker was able to counter the contents of the statement by his own testimony.

In *United States ex rel Duff* v. *Zelker*, 452 F. 2d 1009 (2nd Cir. 1971), cert. denied 406 U.S. 932, 92 S. Ct. 1807, 32 L. Ed. 2d 134 (1972), the court applied the rule on interlocking confessions and said:

> We reject appellant's claim that the admission of the written statements of Ferguson and Hill violated the rule of *Bruton* v. *United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The statements were similar to Duff's own confessions, written and oral, which placed him at the scene with a fair implication of knowing participation. When the defendant's 'confession interlocks with and supports the confession of' the co-defendant, there is no violation of the *Bruton* rule.

The *Zelker* case is quoted with approval in our case of *Stewart & McGhee* v. *State*, 257 Ark. 755, 519 S.W. 2d 733 (1975), cert. denied October 6, 1975.

Both appellants contend that their confessions were secured through coercion and were thus inadmissible. The standard controlling voluntariness of a confession has been expressed by this court in several cases. See *Watson v. State*, 255 Ark. 631, 501 S.W. 2d 609 (1973); *Harris v. State*, 244 Ark. 314, 425 S.W. 2d 293 (1968) and *Mitchell v. Bishop*, 248 Ark. 427, 452 S.W. 2d 340 (1970). Our latest expression of the test to be employed when involuntariness of confession is at issue is found in *Degler v. State*, 257 Ark. 388, 517 S.W. 2d 515 (1974). There we said that:

> . . .[I]n each case we will make an independent determination based upon the totality of the circumstances and that the trial judge's finding of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence, which we take to be the same standard of review as the 'clearly erroneous' rule followed by the federal courts. (citations omitted)

The burden is on the State to demonstrate that the confessions herein were "freely and understandably made without hope of reward or fear of punishment." *Harris*, supra. In determining the voluntariness of an in-custody statement we have suggested that the following factors be considered:

> . . .[T]he age and the intellectual strength or weakness of the defendant, the manner in which he is questioned, the presence or absence of threats of harm or inducements in the form of promises or favor (citations omitted), and the delay between the advice of constitutional rights required by *Miranda* and the giving of the confession. (citations omitted)

*Watson*, supra.

One of the officers advised Appellant Walker that he would be better off if he made a statement - "got it off his conscience" - or words to this effect. However as in *Degler*, supra, there was no showing of how it would help and no offer of leniency or promise of favors, so this statement alone would not invalidate the voluntariness of the confession.

In accordance with the mandate of *Jackson v. Denno*, 378

U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774 (1964), the trial court conducted a hearing out of the presence of the jury and determined the appellants' confessions were voluntary.

Appellants contend their confessions were extracted by physical brutality in the case of Michael Walker and psychological inducement in the case of Anthony Bell. The detectives involved in the actual interrogation deny having used any force on the appellants in order to secure a confession. The trial judge heard the testimony of the witnesses and observed their demeanor on the witness stand, an opportunity denied us as we review the cold record. Applying the guidelines articulated in *Watson*, supra, we cannot say that the appellants were not possessed of sufficient age or intellect to enable them to perceive and understand both the nature of the charge against them and the rights to which they were entitled concerning recourse to counsel. Both signed statements reflecting their understanding of the fact that they were to be provided counsel if they so desired at any time during the proceedings.

In *Evans v. State*, 251 Ark. 151, 471 S.W. 2d 346 (1971), the court said:

It is a firmly established rule of law that a defendant can intelligently waive his constitutional right to counsel. (citing cases)

Appellants Bell and Walker were 19 and 18 years old respectively at the time the confessions were made and both could read and write. Detective Thomas testified Bell told him that he had been to the eleventh grade, and Walker testified that he had a twelfth grade education. They were apprised of their constitutional rights and stated that they understood and voluntarily waived them.

In contrast to appellants' allegations of physical abuse and psychological pressure Detectives Rounsavall, Harrison, Thomas and Best emphatically declared that no undue pressure or device was used to secure confessions from appellants.

Their interrogation was intermittent and lasted ap-

proximately four hours. There was some dispute as to whether appellants were shown a photograph of the victim and a statement by Long implicating them prior to their confessions. None of these circumstances, however, should call for suppression of these confessions. In *Vaughn v. State*, 252 Ark. 505, 479 S.W. 2d 873 (1972), the trial court's determination that a confession was voluntarily given was upheld even though the appellant had been questioned intermittently for a period of about twelve hours. In *Mosley v. State*, 246 Ark. 358, 438 S.W. 2d 311 (1969), a case involving a boy sixteen, the court noted that "[b]y the great weight of authority a minor is capable of making an admissible voluntary confession, there being no requirement that he have the advice of a parent, guardian, or other adult." In *Degler v. State*, supra, the court held that the fact the appellant was shown a statement made by another implicating the appellant and the fact that the appellant was shown a photograph of the victim did not require reversal of the trial court's finding of voluntariness of the confession.

We said in *Mullins v. State*, 240 Ark. 608, 401 S.W. 2d 9 (1966) issues of "conflicting testimony between appellant and the officers made a question of fact to be decided by the court pursuant to Act 489 of 1965."

Act 489 was codified in Ark. Stat. Ann. § 43-2105 (Supp. 1973) and provides for the court's determination away from the jury, by a preponderance of the evidence, of whether a confession has been made voluntarily. The court concluded the confessions were voluntary in *Denno* proceedings of some length. Furthermore, the court submitted the issue to the jury instructing inter alia: "If you find that Michael Walker's confession was not voluntarily made, then you should find him not guilty." (The court gave a corresponding instruction for Appellant Bell.)

Here we have the testimony of the officers that the confessions were voluntary - the *Denno* proceedings from which the trial judge found the confessions were voluntary - and finally the jury verdicts of guilty indicating the jury found the confessions were voluntary. Certainly it cannot be said that the trial judge's findings are so "clearly erroneous" or so

clearly against the preponderance of the evidence as to require a reversal in this case.

Appellant Bell also submits as error the State's failure to produce at trial all material witnesses connected with his confession, citing in support of his position *Smith v. State,* 254 Ark. 538, 494 S.W. 2d 489 (1973). The facts in *Smith* are inapposite because in *Smith* a material witness to the question of the voluntariness of a confession was absent from the *Denno* hearing, as well as the trial itself.

Here, even though Detective Rounsavall was not called by the State in the trial proper, he testified in the *Denno* proceeding, and the court determined the confession was voluntary. Since it is the court's responsibility to decide the issue of voluntariness, not the jury's, and since the court did hear the testimony of all the material witnesses at the *Denno* hearing, it was not error for the State not to call Detective Rounsavall to testify at the trial. *Walker v. State,* 253 Ark. 676, 488 S.W. 2d 40 (1972).

Appellant Walker also contends the trial court asked prejudicial questions of his attorney, Garner Taylor, called as a witness by co-defendant Bell. The questions posed by the court to attorney Taylor touched upon Walker's physical appearance while in jail. The *Denno* hearings took place out of the presence of the jury, thus eliminating any risk of the trial court's queries having any prejudicial impact on the jurors at that time. Regarding some questioning of attorney Taylor by the court during the trial itself, the court indicated that Taylor was free to decline to answer at any time if he was of the opinion his testimony would prejudice his client in any way. A trial judge "has the right and the duty to ask questions to clear up an obscurity in the testimony or even to develop facts in regard to some feature of the case he feels has not been properly developed." *Jordan v. Quinn & Etheridge,* 253 Ark. 315, 485 S.W. 2d 715 (1972). It cannot be said from the record that the court's questions in this instance generated that quantum of influence which would sway a jury toward a decision of guilt.

Another point urged by Appellant Walker as grounds for reversal is the trial court's denial of appellant's request that

Dr. Worthie R. Springer, Jr. be allowed to testify as to appellant's medical history. It appears that the doctor first saw the appellant a week after Walker was interrogated by the officers on September 25, 1974.

Dr. Springer's visitor's pass was dated October 3, 1974, and no one can see a prisoner without such a pass. The doctor was allowed to testify that Appellant Walker had suffered contusions, abrasions and sprains, evidencing physical abuse, but he did not know when the injuries occurred nor by whom they were inflicted. If he had been allowed to testify as to medical history it would have reflected *Walker told him* that he was physically abused by the interrogating officers.

On this point, we note that on September 26th, the day after the alleged physical abuse occurred, attorney Taylor saw both appellants and his testimony was that he did not see any signs of physical abuse (blood and bruises) on either appellant. This testimony would be more significant than Dr. Springer's because the doctor did not see appellant Walker until a week after the alleged mistreatment.

Furthermore, we find no error in the court's refusal to allow Dr. Springer to testify as to the medical history which Appellant Walker had related to him but about which Dr. Springer had no personal knowledge. *Hogan v. Nichols*, 254 Ark. 771, 496 S.W. 2d 404 (1973).

Appellant Walker's last two alleged errors are that the trial court erred in denying appellant's motion for a directed verdict and that the evidence is insufficient to sustain the conviction. The motion for directed verdict was based on the allegation that there was no corroboration of the testimony of the accomplice. In *Pitts v. State*, 247 Ark. 434, 446 S.W. 2d 222 (1969), referring to Ark. Stat. Ann. § 43-2116 (Repl. 1964), we said:

> In construing the statute we have held that the test of the sufficiency of the corroboration whether, 'if the testimony of the accomplice is eliminated from the case,' the other evidence establishes the required connection of the accused with the commission of the offense. (citation omitted)

In the instant case the confession of Appellant Walker provided the "other evidence" needed to effect the "required connection of the accused with the commission of the offense." See also *Petron v. State,* 252 Ark. 945, 481 S.W. 2d 722 (1972). The same analogy would be applicable to Bell if he had raised the objection.

As to the sufficiency of the evidence, there was testimony of an accomplice to this crime corroborated by the voluntary confessions of the appellants. This evidence is sufficient to sustain the convictions of the appellants. On appeal, the court reviews the evidence and all reasonable inferences deducible therefrom in light most favorable to the appellee and affirms if there is any substantial evidence to support the trial court's findings.

In *Stewart & McGhee v. State,* supra, the appellants were charged with murder in the perpetration of an attempt to commit robbery. There we said:

. . .[U]pon appellate review, it is firmly established that we consider that evidence which is most favorable to the appellee, with all reasonable inferences deducible therefrom, and affirm if any substantial evidence exists to support the jury verdict. *Miller v. State,* 253 Ark. 1060, 490 S.W. 2d 445 (1973).

Having considered every objection and assignment of error as we are required to do by Ark. Stat. Ann. § 43-2725 (Supp. 1973) we find no error requiring reversal.

Affirmed.

GEORGE ROSE SMITH, J., dissents.

GEORGE ROSE SMITH, Justice, dissenting. In passing upon the voluntariness of a confession we review the record independently and set aside the trial court's finding if it appears to be clearly against the preponderance of the evidence. *Degler v. State,* 257 Ark. 388, 517 S.W. 2d 515 (1974). I find that to be true in this instance. The two appellants, both under twenty years of age, were questioned some five months after the crime took place. The officers had

no evidence against them except the statement of an accomplice; so confessions were essential to the State's case. Bell had an attorney, who had instructed him not to make any statements to the police. Walker unquestionably had been subjected to physical abuse by someone. The interrogation lasted four hours, with the officers being unable to remember what was discussed over such a long period of time. An in-custody confession is presumed to be involuntary. *Harris* v. *State*, 244 Ark. 314, 425 S.W. 2d 293 (1968). Here I cannot conscientiously say that the State's evidence is sufficient to overcome the presumption.