Oliver LEAK Jr. *v.* John M. GRAVES Jr. and
STATE of Arkansas

CR 77-6                                         550 S.W. 2d 179

Opinion delivered May 16, 1977
(Division I)

---

[1]Haas did not testify.

*Camp & Griggs,* by: *Ronald L. Griggs,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson M. Jones,* Asst. Atty. Gen., for appellees.

FRANK HOLT, Justice. Appellant, represented by court appointed counsel, pleaded guilty to three charges of burglary and grand larceny. His five year sentence on each charge was suspended conditioned on good behavior. Approximately a week later appellant appeared before the same court for plea and arraignment on a charge of robbery with a firearm which he allegedly committed four days following his probation. Appellant refused appointment of an attorney and entered a plea of guilty. The court revoked his three five year suspended sentences, ordered that they run concurrent and then assessed 21 years imprisonment for the robbery plus ten years (suspended) for commission of a felony with a firearm. Subsequently, appellant petitioned the trial court for post-conviction relief pursuant to Rule 37, contending that he was denied his constitutional right to counsel at the time of his guilty plea to robbery with a firearm. The court denied appellant's petition. Appellant argues that even though he admittedly refused the court's offer to appoint counsel, nevertheless the court erred in not appointing counsel to assist appellant in deciding whether or not he should waive counsel and plead guilty.

The trial judge took great pains to ascertain that appellant's waiver of counsel was knowingly and voluntarily made. He ascertained that appellant was twenty-five years old with two years of college education. The court explained the charges against appellant and the possible penalties

therefor, including revocation of his suspended sentences. Appellant stated that he understood the charges and penalties. The court advised appellant that since he had pleaded guilty to three felonies the preceding week, he was now subject to the habitual criminal statute with its enhanced penalties. Appellant also stated that he understood this facet of the proceeding. The court further explained the presumption of innocence, advised appellant of his right to remain silent, his right to a speedy trial and the cross-examination of witnesses. Appellant responded that he understood these rights.

The court also informed appellant of his right to an attorney free of cost. When asked if he wanted a court appointed attorney, appellant refused. The court again explained appellant's right to counsel and further asked him if his refusal was "voluntary and of your own free will and that you just don't want an attorney." Appellant again refused appointment of an attorney. Appellant admitted that he knew the value of an attorney's services and twice again refused the court's offer. He told the court that he was guilty of robbery with a firearm and that he, also, had violated the terms of his recent suspended sentence. Appellant further stated that his plea was not the result of any threats or abuse.

A defendant in a criminal proceeding has a constitutional right to represent himself and a state has no right to force a lawyer upon him if he voluntarily and intelligently elects self-representation. *Barnes* v. *State,* 258 Ark. 565, 528 S.W. 2d 370 (1975); *Faretta* v. *California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *LaPlante* v. *Wolff,* 505 F. 2d 780 (8th Cir. 1974), cert. denied, 420 U.S. 995 (1975). The right to counsel is a personal right which the accused may knowingly and intelligently waive either at the pretrial stage or at trial. *Burton* v. *State,* 260 Ark. 688, 543 S.W. 2d 760 (1976); *Evans* v. *State,* 251 Ark. 151, 471 S.W. 2d 346 (1971); *Barger* v. *State,* 249 Ark. 878, 462 S.W. 2d 216 (1971); and *Slaughter* v. *State,* 240 Ark. 471, 400 S.W. 2d 267 (1966).

Here it clearly appears that the trial court was solicitous of appellant's constitutional rights and thoroughly advised him of them. In view of his age, education and recent ex-

perience in court, represented by counsel, we are of the view that appellant knowingly and intelligently chose to waive his right to counsel.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.