Frank ANDERSON *v.* STATE of Arkansas

CA CR 79-118        594 S.W. 2d 54

Opinion delivered January 30, 1980
Released for publication February 20, 1980

*John W. Achor*, Public Defender, by: *Jeffrey M. Rosenzweig*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was charged with first degree murder. The jury found him guilty of murder in the second degree and fixed his punishment at twenty (20) years in the Department of Correction.

The relevant facts are: On October 13, 1978, Willie O'Neal, Jr. was killed by a gunshot while participating in a "crap game" at a private residence. Appellant was immediately taken into custody by police officers who advised him of his rights. Appellant was placed in the rear compartment of the police vehicle of Officer Thomas Johnson. While enroute to the police station, appellant purportedly said:

> "I shot the son-of-a-bitch. I wish I had shot him sooner."

During the *Denno* hearing conducted by the trial judge (a hearing conducted in chambers to determine the voluntariness of the statement), appellant admitted that he was advised of his constitutional rights, but denied making any statements in the police car.

The trial court found that appellant voluntarily made the statement and, consequently, the statement was admitted into evidence.

Appellant argues that the evidence not only fails to support a finding that the statement was voluntary, but falls short of showing that the statement was actually made.

It is settled law that appellate courts, in reviewing a finding of voluntariness of a purported admission, make an independent determination based upon the totality of the circumstances and the trial judge's finding will not be disturbed unless it is clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974).

Moreover, the State has the burden of proving that an in-custodial statement is free and voluntary. *Rutledge* v. *State*, 263 Ark. 781, 567 S.W. 2d 283 (1978).

Officer Johnson testified that appellant, on his own volition, admitted shooting the decedent. It is clear that, when the statement was allegedly made, appellant was occupying the rear compartment of the police vehicle while Officer Johnson occupied the front compartment. A metal screen separated the two compartments. Only these two individuals occupied the vehicle. Appellant admitted firing a weapon five or six times in order to ''warn or scare'' the decedent, but did not ''mean to kill him.''

Dr. Fahmy Malak, State Medical Examiner, testified that he performed an autopsy on the remains of the decedent and found two bullet wounds, one of the head and one of the abdomen; that the shot to the head was from back to front and was fatal.

The conflicting testimony of appellant and Officer Johnson, regarding the alleged admission of the appellant, presented a fact question. As the fact finder, it was the responsibility of the trial court to resolve the conflict. Credibility of the witnesses was also a matter to be considered and determined by the trial judge. *Bell & Walker* v. *State*, 258 Ark. 976, 530 S.W. 2d 662 (1978); *Gardner* v. *State*, 263 Ark. 739, 569 S.W. 2d 74 (1978).

We are unable to say that the trial court's finding is not supported by a preponderance of the evidence and, accordingly, we affirm.